### HENRY BROOKS v. THE STATE.

*No. 7456.    Decided June 10.*

1. **Perjury — Indictment.** — An indictment for perjury must by its allegations present an issue showing the materiality of the assigned perjury. It must show that the alleged false statement was material to some issue involved in the judicial proceeding in which such statement was made. See the opinion for an indictment *held* insufficient in this particular.

2. **Same — Evidence.** — A conviction for perjury can not be sustained upon proof that at other times the defendant, when not under oath, made statements contradictory of the alleged false statement. In such case credit is to be given to the statement made under oath rather than the one made not under oath.

3. **Same.** — And if the statements be each made under oath, to warrant a conviction there must be evidence proving that the alleged false statement was in fact false.

4. **Same.** — See evidence held insufficient to warrant a conviction for perjury.

APPEAL from the District Court of Hopkins. Tried below before Hon. E. W. Terhune.

The conviction is for perjury, and the punishment was assessed at five years confinement in the penitentiary.

The perjury is assigned upon a statement made before the grand jury, and the indictment, omitting the formal part, is as follows: "Whereupon it then and there became and was a material inquiry before said grand jury, and necessary for the due administration of the criminal law of said State, whether the said Henry Brooks on or about the 19th day of February, 1891, in Hopkins County, Texas, in a vacant storehouse formerly occupied by Rush, Smith & Co., in the town of Black Jack Grove, did state and say to S. H. Downing and Howard Templeton that he, the said Henry Brooks, in Hopkins County, Texas, on the night of the 14th day of February, 1891, was present at the breaking of the storehouse of Brewer & Graves in the said town of Black Jack Grove, and participated in said breaking, and knew the circumstances of said breaking; and the said Henry Brooks did on the 9th day of April, 1891, in said county, before and to the said grand jury, under the sanction of said oath administered to him as aforesaid, willfully and deliberately state and testify that he, the said Henry Brooks, on or about the 19th day of February, 1891, in Hopkins County, Texas, in a vacant storehouse formerly occupied by Rush, Smith & Co., in the town of Black Jack Grove, did not state and say to the said S. H. Downing and Howard Templeton that he, the said Henry Brooks, in Hopkins County, Texas, on the night of the 14th day of February, 1891, was present at the said breaking of the storehouse of Brewer & Graves, in the said town of Black Jack Grove, and participated in said breaking and knew the circumstances attending said breaking," etc. The indictment then proceeds in due form to assign perjury upon said statement made before the grand jury.

It was proved by the State that the grand jury was inquiring about a burglary of a storehouse of Brewer & Graves, and the defendant was brought before them to testify in relation thereto. Defendant and others at the time were charged with committing said burglary. The district attorney told defendant they were going to make a State witness of him, and that he would not be prosecuted for the burglary, and that he should tell all about the burglary. Defendant was then sworn as a witness and testified before the grand jury that he knew nothing at all about the burglary; was not present when it was committed, and did not know who committed it. He denied telling Howard Templeton and S. H. Downing in a vacant storehouse formerly occupied by Rush, Smith & Co., in the town of Black Jack Grove, about the 19th of February, 1891, a few days after said burglary, that he knew the parties who committed the burglary; that he was present and participated in the burglary and knew the circumstances attending it. He persisted in saying that he did not tell said Templeton and Downing any such thing. Said Templeton and Downing each testified positively

that defendant did make such statements to them at the time and place named and made the same voluntarily.

The foregoing constitutes the facts in the case in substance.

*W. L. Hall*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—In substance, the matter assigned as perjury in the indictment upon which defendant has been convicted in this case, was that defendant, in an investigation before the grand jury, testified or swore that he did not, at a time and place mentioned, say to S. H. Downing and Howard Templeton that on the night of the 19th day of February, 1891, he was present at the breaking of a certain storehouse in the town of Black Jack Grove and participated in said breaking, and knew the circumstances attending said breaking.

It is alleged that said matter was a material inquiry before the grand jury. It is also alleged that the defendant Brooks did at the time and place named make the statement to Downing and Templeton assigned as perjury, and that his statement denying the same under oath before the grand jury was willfully and deliberately false, and that he knew the same to be false when he made it.

The first question for our determination is, does the indictment set out facts sufficiently material upon which to base an assignment of perjury; in other words, do the allegations in the indictment present an issue showing the materiality of the assigned perjury? What was the issue under investigation before the grand jury? Was it the guilt of this defendant or other parties of burglary? We are not informed. Suppose the issue was the guilt of other parties, and that was the matter being investigated, how could it be material to that issue that defendant simply told Downing and Templeton that he was present and participated in the burglary? Suppose he had answered the question affirmatively and said, "Yes, I did tell them so," would that statement made in the grand jury room have tended in any manner to have proved the guilt of these other parties on their trial in the District Court when they were being tried for the burglary? What he said in the grand jury room about the matter one way or the other would not have been evidence for or against them, and could not have been used as such. On the other hand, defendant's denial that he made the statement was not pertinent to any issue that could have been raised on said trial and could not have been used as evidence by them in their behalf, though it might be used for the purpose of impeaching defendant had he testified differently as a witness on such trial, and for no other purpose.

We fail to see the materiality of the matter assigned as perjury to the issue of any case on trial before any court. We think the indictment is wholly insufficient in its allegations as presenting a case of perjury.

Can a conviction for perjury be sustained on the proof of the taking of an oath and of the making of the statements upon which the perjury is assigned, followed by proof that at other times the defendant, when not under oath, made a statement or statements directly contradictory of his sworn statements?

Mr. Greenleaf says: "If the evidence adduced in proof of the crime of perjury consists of two opposing statements of the prisoner and nothing more, he can not be convicted, for if the one was delivered under oath it must be presumed, from the solemnity of the sanction, that the declaration was the truth and the other an error or falsehood, though the latter, being inconsistent with what he has sworn, may form important evidence with other circumstances against him; and if both the contradictory statements are delivered under oath, there is still nothing to show which of them is false where no other evidence of the falsity is given." 1 Greenl. Ev., 13 ed., sec. 259. See also Dodge v. The State, 4 Zabrinski, 455; 2 Whart. Crim. Law, sec. 1005.

In Swartz v. The Commonwealth, in 27 Grattan, 1025, also reported in 2 American Criminal Reports, 410, this question is discussed in an able opinion by Staples, Judge, and it was held that on a trial for perjury evidence simply that the defendant had at one time sworn to one statement of facts and afterward changed his testimony, and, admitting that he had sworn falsely, testified in direct contradiction of his first statement, is not sufficient to justify his conviction. The prosecutor must prove which of the two statements is false, and must corroborate the true statement of the prisoner by independent evidence other than by his own statements or declarations. And in that case he cites Reg. v. Wheatland, 8 C. & P., 238; Regna v. Hughes, 1 C. & K., 519; Jackson's case, 1 Lewin, 270; 2 Russ. on Crimes, 651, 652; Roscoe's Crim. Ev., 767, 768.

In the case of the State v. Buckley, 18 Oregon, 228, it was held that: "A conviction for the crime of perjury can not be sustained where there is no other evidence except proof of the taking of the oath, the giving of the evidence upon which the perjury is assigned, followed by proof that at other times the prisoner when not under oath made statements, the legal effect of which was to contradict his declarations under oath. That in a prosecution for perjury where the only evidence is the contradictory statements of the prisoner, one under oath and the other not, because of the solemnity of the oath credit is to be given to the statement under oath rather than the one not under oath." And in that case it was held that the prisoner was improperly convicted on the facts presented to the jury.

We are of the opinion that the indictment in the case before us does not show the materiality of the matter assigned as perjury, and we are further of the opinion that the conviction is not sustained by the evidence.

Judgment reversed and prosecution dismissed.

*Reversed and dismissed.*

Judges all present and concurring.