## SIMON AGAR V. THE STATE.

### *No. 7455.   Decided June 17.*

1.   **Perjury—Indictment.**—An indictment which shows that the alleged false statement upon which the perjury is assigned is immaterial is bad in substance.   Perjury can be assigned only upon a statement relating to a material issue involved in the judicial proceeding in which the statement was made.

2.   **Same—Evidence.**—A conviction for perjury can not be sustained where there is no other evidence except proof of the taking of the oath, the giving of the evidence upon which the perjury is assigned, followed by proof that at other times the prisoner when not under oath made statements the legal effect of which was to contradict his declarations under oath.

APPEAL from the District Court of Hopkins.   Tried below before Hon. E. W. Terhune.

On the night of December 24, 1890, one Henry Chase was assaulted and wounded by unknown parties in Hopkins County, and he afterward died from the effects of said wounding.   The indictment alleges and the evidence proves that the grand jury of said county when investigating the homicide had before them as a witness the defendant, and that he testified that he did not, on or about December 25, 1890, in said Hopkins County, state to S. L. Gilbert and J. H. Johnson that he knew some of the persons who struck said Henry Chase, and that he did make said statement as alleged in the indictment.   This statement made to Gilbert and Johnson was not made under oath.   He testified further before the grand jury that he saw six or eight persons assault Chase, but that he did not know any of them.   The perjury was assigned upon his statement made before the grand jury denying that he made the said statement to Gilbert and Johnson, and not upon his testimony denying that he knew who any of the parties were that committed the assault upon Chase.

*W. P. Leach,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

### ON MOTION FOR REHEARING.

WHITE, PRESIDING JUDGE.—At a previous day of this term the appeal in this case was dismissed for the want of a final judgment.   It seems that the defect in the former judgment was occasioned by the inadvertence and omission of the clerk in copying the same in the transcript, and on this motion for rehearing the said clerk sends up a certified copy of the judgment as it is really of entry in the court below, from which it appears that the said judgment is in all respects a full and sufficient final judgment.   The motion for rehearing is therefore

granted, the former judgment dismissing the appeal set aside, and the cause reinstated for determination of the appeal on the record.

Appellant was indicted, tried, and convicted for perjury. In all essential particulars the indictment and conviction in this case are subject to the same objections as were held fatal to the indictment, conviction, and even prosecution in the case of Henry Brooks v. The State, a perjury case from Hopkins County, the same county and court from which this appeal is prosecuted. *Ante.*

The matter assigned as perjury in this case is that defendant testified as a witness before the grand jury that he did not, at a time and place specified, say and state to one Gilbert and one Johnson "that he knew some of the persons who struck the said Henry Chase in Hopkins County, Texas, on the night of the 24th day of December, 1890." All the other necessary essential allegations constituting perjury in connection with said allegation are set forth in the indictment.

In Brooks' case, *supra,* we held that such an allegation as the one here assigned as perjury was immaterial and could not form the basis of a prosecution for perjury. It was said "a conviction for perjury can not be sustained where there is no other evidence except proof of the taking of the oath, the giving of the evidence upon which the perjury is assigned, followed by proof that at other times the prisoner when not under oath made statements, the legal effect of which was to contradict his declarations under oath."

Because the indictment wholly fails to set out matter which is material on an assignment for perjury, and because the conviction is not sustained by the evidence, the judgment is reversed and the prosecution dismissed.

Motion for rehearing granted. Judgment reversed and prosecution dismissed.

*Reversed and dismissed.*

Judges all present and concurring.