## B. B. Kenyon v. The State.

### *No. 7629.　Decided April 23.*

1. **Repeal of Penal Law, Effect of.**—It is expressly provided, by article 16, Penal Code, that the repeal of a penal law, where the repealing statute substitutes no other penalty, will exempt from punishment all persons who may have offended against the provisions of such repealed law, unless it be otherwise declared in the repealing statute.

2. **Usury — Statute Repealed.**—There is at present no law in this State punishing usury as an offense. By section 2 of an act approved April 11, 1892, called session of the Twenty-second Legislature, General Laws, page 5, the act passed at the regular session of the Twenty-second Legislature, entitled "An act to be entitled an act to define and punish usury," is expressly repealed, and the repealing act was passed with an emergency clause and took effect from and after its passage.

3. **Same.**—Where a party was prosecuted and convicted of usury under the Act of 1891, and pending an appeal from said judgment the law under which he was convicted was repealed, *held*, that the repeal of the statute under which the party was tried and convicted annuls the conviction, and that the prosecution should be dismissed.

Appeal from the County Court of Taylor. Tried below before Hon. D. G. Hill, County Judge.

This was a prosecution by information in the County Court under the acts of the Twenty-second Legislature, General Laws 1891, page 20, defining and punishing usury.

At his trial, appellant was convicted, and his punishment assessed at a fine of $15.

By an act passed at the called session of the Twenty-second Legislature, approved April 11, 1892, the act under which the prosecution in this case was had, was expressly repealed.

*Bledsoe & Legett*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

DAVIDSON, Judge.—This prosecution is based upon an alleged violation of the act of the Twenty-second Legislature defining and punishing usury. Acts 1891, p. 20.

There are several questions raised upon the record and urged as grounds for reversal of the judgment of conviction. Subsequent to the conviction of appellant, and pending this appeal, the special session of the Twenty-second Legislature, which has just adjourned, repealed the statute upon which this case is predicated, and in doing so, failed to substitute any penalty in lieu of that prescribed by the Act of 1891. By the Penal Code, article 16, it is provided that "the repeal of a penal law,

where the repealing statute substitutes no other penalty, will exempt from punishment all persons who may have offended against the provisions of such repealed law, unless it be otherwise declared in the repealing statute." The repealing statute was passed with the emergency clause attached, and took effect from and after its passage. There is at present no law in this State punishing usury as an offense. All of the remedies prescribed are civil in their nature, and such penalties and damages as are recoverable against parties lending money upon usurious contracts are recoverable only in civil actions.

The repeal of the Act of 1891 by the recent Legislature annuls the conviction in this case. Whisenhunt v. The State, 18 Texas Ct. App., 491; Sheppard v. The State, 1 Texas Ct. App., 522; 7 Wheat., 552.

Mr. Cooley says, " If a case is appealed, and pending the appeal the law is changed, the appellate court must dispose of the case under the law in force when their decision is rendered." Cool. Const. Lim. (4 ed.), 477.

The questions raised by appellant will not be discussed, because they are no longer practical. For the reasons indicated, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Judges all present and concurring.