## J. T. Butler v. The State.

### *No. 1462.   Decided December 2nd, 1896.*

**1.  Examining Court—New Trial, or Rehearing by Habeas Corpus.**

There is no provision in our Code for a new trial or a rehearing in examining courts held by a magistrate.  If injustice is done in examining trials, the relief is by habeas corpus from the proper court.

**2.  Same—Perjury—False Swearing.**

Perjury cannot be assigned upon statements made in an affidavit for a new trial or rehearing of a case before an examining court, such courts having no jurisdiction to grant new trials or rehearing.  Upon such a false affidavit, a party may be prosecuted for false swearing, but not for perjury.

**3.  Perjury—Assignments of- -Charge.**

Where perjury is assigned upon certain statements contained in an affidavit, the State is confined to, and bound to prove the falsity of the statement thus assigned and traversed, and a conviction cannot be had upon proof of the falsity of other statements contained in such affidavit; and, a charge of court is erroneous, which authorizes a conviction upon matters not assigned or matters which are immaterial.

**4.  Same—Quantum of Proof—"Confession in Open Court"—What is.**

Our statute, Code Crim. Proc., Art. 786, declaring the quantum of proof in perjury, declares, that a defendant may be convicted, "upon his own confession in open court."  This means that the party confessing must be charged with the crime confessed—the confession must be made in the case pending and on trial against the confessor.  A confession in another court, as a witness in another case, is an extra judicial confession and not a confession in open court in contemplation of this statute.

**5.  Same—Two Credible Witnesses.**

Our statute, Code Crim. Proc., Art. 786, declares, that no person shall be convicted of perjury, except upon the testimony of two credible witnesses, or of one credible witness strongly corroborated by other evidence as to the falsity of defendant's statement under oath.  Held: That the testimony of several witnesses to the confession or admission of defendant that his affidavit was false, did not amount to proof by them, that the false statements contained in the affidavit were false.  It was essential that two credible witnesses should have sworn that the false statement made in the affidavit was false, or the proof would have been sufficient if the falsity of the statement in the affidavit had been proved by one credible witness in connection with defendant's extra judicial confession or admission.

Appeal from the District Court of Colorado.  Tried below before Hon. Thomas H. Spooner.

Appeal from a conviction for perjury; penalty, five years' imprisonment in the penitentiary.

The indictment assigned the perjury upon statements contained in an affidavit made by the defendant in support of a motion for a rehearing of a case which had been tried by an examining court.

Defendant's counsel made a motion to quash the indictment, for the reason that the indictment shows upon its face that the court, in which the affidavit was filed, was without jurisdiction of the case in which the rehearing was applied for, and had no power or authority to reopen said cause.  This motion to quash was overruled.

No further statement necessary.

*Kennon & Adkins*, for appellant.—When a magistrate (a Justice of the Peace) has made an examining trial, and has admitted the party to bail, or has remanded him without bail, the justice has exhausted his jurisdiction, and any further steps he may take in the matter are without authority of law, and are void. The court not having jurisdiction to reopen the case, perjury could not have been committed by any one upon the second hearing.

See, Penal Code, p. 70; note "Jurisdiction" and authorities there cited (Willson's Crim. Stat.); Penal Code, Art. 275. The law makes no provision for a rehearing before a magistrate after he has admitted a party to bail or has remanded him without bail; having once acted, and as in this case, remanded the defendant without bail, the magistrate has exhausted his jurisdiction, and the only remedy of the defendant is to apply for a writ of habeas corpus. Art. 189, Code Crim. Proc., provides for the issuance of a second writ of habeas corpus upon newly-discovered evidence, but no provision is made for a second hearing before a magistrate sitting as such.

The defendant testified in the Justice Court on the examination of the parties charged with murder, that the affidavit made by him and others, which affidavit was made the basis for the application for a rehearing before the justice was false. The court, in its main charge, authorized the jury to convict the defendant if he made a "confession in open court." A "confession in open court," is a confession made by the accused before a tribunal competent to try him; in other words, a "confession in open court" is a plea of guilty. Roscoe's Crim. Ev., 7th Amer., from the 8th London Ed., pp. 38, 39.

The court erred in refusing to give the following charge asked by defendant: "The requirement of the law that the testimony of two credible witnesses as to the falsity of a statement under oath, is necessary to convict a person of perjury, is not met by the testimony of any number of witnesses as to a statement or statements of defendant, that his testimony under oath was false." Although not very felicitously expressed, this assignment is a proposition of itself.

Several witnesses testified that they heard appellant say before the magistrate that the affidavit he had made was false.

The court erred in charging the jury as follows: "Now, if you believe from the evidence, beyond a reasonable doubt, that the defendant made the alleged affidavit, in Colorado County, State of Texas, on or about the time therein charged, and the statement contained in said affidavit was false, and the falsity of said affidavit has been established by the testimony of two credible witnesses, or of one credible witness strongly corroborated by other evidence as to the falsity, or by his own confession in open court, then you will find the defendant guilty and assess his punishment," etc.

To constitute perjury, the false statement must be wilfully and deliberately made, and the accused must know it to be false at the time he

makes it.  Also, if there be a confession in open court, then the only question to submit to the jury is the question of punishment.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of perjury, and given five years in the penitentiary, and prosecutes this appeal.  It appears from the indictment, that Koller and Cordes were tried in an examining court before one C. T. Hancock, on a charge of murder.  This trial was on the 24th day of June, 1896, and resulted in the magistrate remanding the prisoners to the jail without bail.  On the 13th of July thereafter, said defendants, Koller and Cordes, presented an application in writing to said Justice of the Peace Hancock, for what they termed a rehearing of said case, claiming that they had discovered some testimony which would entitle them to bail.  The application for a rehearing was supported by the affidavits of four witnesses, including J. T. Butler, the appellant in this case.  Upon some of the statements contained in the affidavit made by appellant, perjury was assigned.  Counsel for appellant moved to quash the indictment, upon the ground that the indictment upon its face showed that the examining court had no jurisdiction.  The question is therefore presented whether, after an examining court has heard the case and remanded the applicant, with or without bail, the cause can be reopened and tried again, as was done in this case.  We are of the opinion that it cannot be done.  The statute in regard to this matter provides, "that after the voluntary statement of the accused, if any, and an examination of the witnesses has been fully completed, the magistrate shall proceed to make an order committing the defendant to the jail of the proper county, if there be one, discharging him or admitting him to bail, as the law and the facts of the case may require."  See, Code Crim. Proc., 1895, Art. 296.  There is no provision in the Code for a new trial or a rehearing in cases which have been examined into by a magistrate.  If injustice has been done, complete relief can be obtained by a writ of habeas corpus from the proper court.  In cases which the magistrate has final jurisdiction to try, the law provides that he may grant a new trial, but none in such cases as this.  Conceding that the court had no jurisdiction to reopen this case, yet, if appellant made a false affidavit, he can be prosecuted for false swearing, but not for perjury, because of a want of jurisdiction in the court to try the case.  In addition to these remarks, it will be observed that the warrant of commitment is to be issued, directed to the sheriff, and the warrant may order him to take defendant to the sheriff of the county to which he properly belongs.  If the prisoner does not belong to the county in which the examination was had, he is to be taken to the proper county upon the issuance of the warrant.  No provision is made for retaining him until a new trial can be obtained.  This view is strengthened by Art. 267, Code Crim. Proc., 1879, which requires that all the testimony which has been reduced to writing and properly authenticated, shall be certified by the magistrate taking the same; and

by Art. 335, Code Crim. Proc, 1895, the magistrate is required to certify to the proceedings had before him, and seal the same up in an envelope properly indorsed, and then transmit the same, together with all the proceedings, to the proper court without delay. These articles indicate a summary proceeding after the trial; without any provision whatever for a rehearing. The second trial of this case by the magistrate was without authority of law. The court had no jurisdiction of the cause when this affidavit upon which perjury is assigned was made. We are of opinion that the indictment should have been quashed. The affidavit as it appeared in the indictment, contained a number of statements upon which perjury could have been assigned, but in fact the perjury was assigned only upon allegations contained in the latter portion of said affidavit, to-wit: "Whether or not the said Butler was present at the killing of the said Rios; whether or not the said Rios, at the time said Koller shot him, the said Rios, was advancing upon him, the said Koller, with a pistol in his hand; and whether or not the said Rios had a pistol in his hand at the time the said Koller shot him." The indictment alleged that appellant made these statements in the affidavit. The indictment assigned perjury upon either of these statements by traversing their truthfulness. The State was bound to prove the falsity of one of these statements. The conviction could not be sustained by proving the falsity of other statements contained in the affidavit, but was confined to the statements assigned for perjury. Now, the court instructed the jury, "if they believe the defendant made the alleged affidavit, and that the statement contained in said affidavit was false, and the falsity of said statement has been established by the testimony of two witnesses, * * ' * to convict the defendant." Every statement assigned for perjury may be true, and yet the affidavit may be false. This charge was radically wrong. Some statement in the affidavit may be immaterial, but the charge authorizes a conviction if the jury believed that the affidavit was false, whether in relation to a material or immaterial matter, and whether assigned for perjury or not. The charge of the court also instructed the jury to convict the defendant if they believed that the falsity of the affidavit was proved by the testimony of two credible witnesses, or of one credible witness strongly corroborated by other evidence as to the falsity, or by his own confession in open court. Appellant asked special instructions, based upon the latter portion of this charge, to the effect that the confession of the defendant, in order to be plenary evidence against him in this regard, should be a confession made in open court in the case then on trial—that is, this case; and he urges that the charge of the court was especially calculated to mislead the jury, in view of the peculiar proof offered in this case as to confessions. From the record it appears that appellant, when the cause was reopened by the magistrate, stated that his affidavit was false. Now, the court charged the jury so that they might receive that statement as a confession in open court, and upon which alone they could convict of perjury. Our statute provides that, "in trials for perjury,

no person shall be convicted except upon the testimony of two credible witnesses, or of one credible witness corroborated strongly by other evidence as to the falsity of the defendant's statement under oath, or upon his own confession in open court." Code Crim. Proc., 1895, Art. 786. We understand, by the term "confession in open court," that the party making the confession must be charged with the crime confessed; that the confession must be made in open court after being properly cautioned as the law requires, and must be made in the case pending against the confessor. A confession in another court, as a witness in another case, is not a confession in open court within the contemplation of this article. If the defendant had been upon trial for perjury before an examining court, and had been cautioned as the law directs, and had confessed his guilt, or that the statement was false, then it may be plenary proof sufficient to warrant a conviction, without other proof of the falsity of the statement. But he was not on trial before the examining court. It was not a confession in open court, but is to be treated as any other statement or extrajudicial confession made under oath. We are of opinion that the requested instruction should have been given. A number of witnesses testify that appellant admitted, while on the stand in the Koller and Cordes case, that his affidavit was false. The court was requested to instruct the jury to the effect that this did not amount to proof by two witnesses of the falsity of his statements. This charge should have been given. The testimony of two or more witnesses that the defendant swore that his affidavit was false is not proof by two witnesses of the falsity of the statement contained in the affidavit, and amounts to no more than if one witness had sworn that his statement in his affidavit was false. We are of opinion that it is necessary to prove that the statements assigned for perjury in the indictment must be shown to be false by at least two credible witnesses. If the appellant admits that it was false by other than a judicial confession, this could be taken, in connection with the testimony of another witness testifying to the falsity of the statement, in order to establish the fact, as required by law, that the statements were false. If there be no other witness in the case, then we would have oath against oath—the affidavit on the one side, and on the other side the oath that his affidavit was false. Upon the latter state of affairs a defendant cannot be convicted for perjury. Proof by two credible witnesses, or one credible witness strongly corroborated, that the statements assigned for perjury, or one of them, is false, must be made. Especially was it incumbent on the court to have given this requested charge to the jury, in view of the fact that but one witness, outside of witnesses testifying to the statements made by the defendant that his affidavit was false, was introduced, to-wit: Andy Curtis. And, indeed, when we look closely at the testimony of this witness, he does not support the allegations contained in the indictment on which the perjury was assigned. He was not present when that part of the difficulty occurred, but only when the first altercation transpired between the par-

ties.    This witness swears that he did not see the appellant there; and it is also shown that the witness was not there himself when the shooting occurred, and when he was there he did not see the appellant.    That may be true, and still be entirely consistent with the fact that the appellant may have been there when he says he was there.    It is passing strange, indeed—the homicide having occurred at a fandango, in the presence of a number of witnesses—that some witness was not produced who was cognizant of the whole transaction.    Instead of doing this, the State introduced a witness who says he was not there when the shooting took place, but had left there, and states that he did not see the appellant there.    It is not necessary to discuss the other errors assigned, as they will not likely arise upon another trial.    We suggest that an indictment be presented charging appellant with false swearing.    For the reasons indicated in the opinion, the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*

HURT, Presiding Judge, absent.