### OLIVER McVICKER v. THE STATE.

#### No. 4086.  Decided February 12, 1908.

**Perjury—Indictment—Evidence.**

Where in a prosecution for perjury, the indictment did not show how or wherein the statement upon which perjury is predicated became material, and the evidence was defective upon the same subject, the conviction could not be sustained.

Appeal from the District Court of Somervell. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The indictment charged, leaving out formal parts of it: "The grand jurors for the County of Somervell, State aforesaid, duly organized as such, at the November term, A. D., 1906, of the district court for said county, upon their oaths in said court present, that on or about the 17th day of May, A. D., 1905, and anterior to the presentment of this indictment in the County of Somervell and State of Texas, at a regular term of the district court, holden in and for said county, the Hon. W. J. Oxford, judge of said court, presiding, and before the grand jury of said county, which had theretofore been duly and legally organized and empaneled for said term of court with J. W. Childress as the legally appointed foreman and which said grand jury was also then and there in session, Oliver McVicker, did then and there present himself and make his personal appearance to testify as a witness before said grand jury and J. W. Childress, foreman of the said grand jury, as he was then and there authorized by law to do, did administer to the said Oliver McVicker the oath as a witness, said oath being one required by law, and so administered for the ends of public justice; and the said Oliver McVicker was then and there duly sworn and did take his corporeal oath

as such witness before said grand jury as aforesaid. Whereupon it then and there became and was a material inquiry before said grand jury, and necessary for the due administration of the criminal laws of the State of Texas and the ends of public justice, whether one T. F., in said county and State on or about the 15th day of April, A. D., 1905, did go to the house and place of residence of him, said Oliver McVicker, in the night-time and then and there talk with him, said Oliver McVicker, and the said Oliver McVicker as such witness before said grand jury, and under the sanction of said oath, so administered to him, as aforesaid, on the day and date first above written did say and testify in substance that he had had carnal intercourse with one M. N., prior to the 17th day of May, 1905, and in substance that he had not been paid or promised any money or anything of value to testify in behalf of the said T. F., and that he had not had any conversation or understanding with the said T. F., as to what his testimony would be before said grand jury concerning the seduction of the said M. N. by the said T. F., and said question so propounded to him by the said grand jury was material in enabling the said grand jury to pass on the credibility of the said O. McV., and in enabling them, the said grand jury, to determine whether or not the said McV. had been paid or promised any money or anything of value, to testify in behalf of the said T. F., and he, the said O. McV., did deliberately, wilfully and corruptly testify and say in substance and effect that T. F. did not go to the house and place of residence of him, the said O. McV., in said county and State, on or about the 15th day of April, A. D., 1905, nor at any other time after the first Sunday in April, 1905, that is, the said O. McV. did then and there before said grand jury as aforesaid testify that one T. F. never did go to see him, said O. McV., at his residence, in the County of S., and State of Texas, about the case, that was then pending against the said T. F., in S. County, Texas, in which case the said T. F. was charged with the seduction of one M. N., in S. County, Texas, which said statement so made by the said McV. was material before said grand jury. Whereas, in truth and fact, as he, the said O. McV., then and there well knew that T. F. in the County of S., and State of Texas, on or about the 15th day of April, A. D., 1905, did go to the house and place of residence of him, said O. McV., in the night-time, and then and there talked with him, said O. McV., concerning the said charge against the said T. F., which said statement so made by the said O. McV. was material and unlawful and was deliberately and wilfully made, and was deliberately and wilfully false, as he, the said O. McV., then and there well knew, against, etc.

*Plummer & Ward,* and *W. B. Featherstone,* for appellant.—On question of indictment, 10 Ency. Pl. Prac., pages 566-572; 16 Ency. Pl. Prac., page 321-322. On question of materiality of the alleged false testimony, in the indictment, and the evidence thereunder. Garrett v. State, 37 Texas Crim. Rep., 198.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of the offense of perjury and his punishment assessed at two years confinement in the State penitentiary.

The only question we deem necessary to pass upon in this case is the sufficiency of the indictment, and the evidence supporting the same. The indictment is very inartistically drawn and is defective in that the same does not show how or wherein the statement upon which perjury is predicated became material. This criticism also applies to the evidence in the case since it does not show how or wherein it was material to know whether or not Tom Finley came to appellant's house. We glean from the indictment before us that the effort of the district attorney was to predicate perjury upon the fact that appellant did talk to Tom Finley about a certain case that the grand jury were investigating against Tom Finley, on a certain night at appellant's house, and as we understand, the pleader was attempting to predicate perjury on the fact that appellant swore that he did not have a conversation with him at that time. If the grand jury was investigating a charge against Tom Finley for the seduction of Minnie Newman, and the fact that Tom Finley, prior to the time that appellant appeared before the grand jury, had gone and had a conversation with McVicker, the appellant, and said conversation, or fact of conversation, would go to discredit appellant's testimony in said Tom Finley's case, then it would be a material inquiry for the grand jury to know the truth thereof; and any false testimony given by appellant on the matter might, and would be material but the evidence does not clearly show this, and while it is not necessary for the indictment to show the materiality, under a long line of authorities of this court, we suggest, in view of the lack of certainty in the allegation, that a new indictment be found. The evidence does not show how or wherein the testimony was material and for this reason the judgment is reversed and the cause is dismissed.

*Reversed and dismissed.*