E. W. YARDLEY v. THE STATE.

No. 4087.    Decided December 12, 1908.

Rehearing Denied.    March 17, 1909.

**1.—Perjury—Indictment—Materiality of Statement.**

In perjury cases all that is necessary to do is to state distinctly what the party swore to and allege its materiality, and it is not necessary to show how or wherein it was material. If the indictment alleges that the false statement was material to the issue on trial, it is sufficient without alleging the facts which show the materiality. Following Washington v. State, 22 Texas Crim. App., 26; Distinguishing McVicker v, State, 52 Texas Crim. Rep., 508,

**2.—Same—Pleading.**

If the indictment for perjury does not allege that the false statement was material, then the indictment must show upon its face its materiality; but the better practice is to allege the false statement, and then allege its materiality. Following Cravey v. State, 33 Texas Crim. Rep., 557.

**3.—Same—Case Stated.**

Where the indictment upon trial for perjury was quite explicit as to what defendant swore, and was equally explicit in charging that said statement was material in the course of a judicial inquiry, the same was sufficient; and the evidence supported the allegation of the indictment.

**4.—Same—Continuance—Second Application—Diligence, want of.**

Where upon trial for perjury the absent witnesses were accessible to the court, and no effort was made to secure their attendance, and no process issued or applied for, the motion for continuance, which was a second application, was correctly overruled.

**5.—Same—Argument of Counsel.**

Where upon trial for perjury the argument of State's counsel was in response to that of defendant's counsel, but State's counsel was urged by the court not to indulge in same, and there was no instruction requested to withdraw said remarks, there was no error.

Appeal from the District Court of San Saba. Tried below before the Hon. Clarence Martin.

Appeal from a conviction of perjury, penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Leigh Burleson, Flack & Dalrymple* and *R. L. H. Williams,* for appellant.—On question of insufficiency of the indictment: McVicker v. State, 52 Texas Crim. Rep., 508, 107 S. W. Rep., 834.

*F. J. McCord,* Assistant Attorney-General, and *Dayton Moses,* District Attorney, for the State.—On question of sufficiency of the indictment: Cases cited in the opinion. On question of materiality of statement upon which perjury was based: Bradberry v. State, 7 Texas Crim. App., 375; Rahm v. State, 30 Texas Crim. Rep., 310; Martin v. State, 33 Texas Crim. Rep., 317; Williams v. State, 28 Texas Crim. App., 301; Butler v. State, 36 Texas Crim. Rep., 483; Webb v. State, 41 Texas, 67; Lindenburg v. State, 13 Texas, 27; Lawrence v. State, 2 Texas Crim. App., 484; 3 Greenleaf on Ev., section 195.

BROOKS, JUDGE.—This conviction was for perjury, the punishment assessed being two years confinement in the penitentiary.

The charging part of the indictment is as follows: "The said E. W. Yardley, then and there appeared as a witness in his own behalf, and was then and there duly and legally sworn and did take his corporeal oath before the said court and a jury, as a witness to testify in said cause, which oath was then and there required by law and necessary for the ends of public justice; and which said

Yardley by W. V. Dean, the clerk of said court, then and there having sufficient and competent authority under the law to administer the said oath to the said E. W. Yardley in that behalf, and at and upon the trial of the said issue so joined between the parties as aforesaid, it then and there became and was a material question whether the said E. W. Yardley, who was then and there on trial charged by indictment, as aforesaid, with having murdered one Pat Carroll, did on Sunday, the next afternoon after the said Pat Carroll was killed, go to the feed pens located about one and one half miles east of the town of San Saba, in said county and State, and have a conversation with one Mitch Alexander, a witness in said cause, and who was present at the time of the killing of said Pat Carroll; and the said E. W. Yardley being so sworn as aforesaid, then and there on the trial of said cause upon his oath as aforesaid did falsely, wilfully and deliberately before the Hon. Clarence Martin, judge as aforesaid, and before the jurors so sworn as aforesaid, depose and state and testify in substance and to the effect following: That on Sunday, the next day after the said Pat Carroll was killed, he, the said E. W. Yardley, did not go to the feed pens where the said Mitch Alexander was working, about one and one half miles east of the town of San Saba, in said county and State, at any time that day, and that he did not at any time on that day have a conversation with the said Mitch Alexander at said feed pens, so located as aforesaid, and that he did not have a conversation with said Mitch Alexander at any place on Sunday, the day after the said Pat Carroll was killed, and the statement so made by the said E. W. Yardley was then and there material to the issue in said cause; whereas, in truth and in fact, the said E. W. Yardley on Sunday, the day after the killing of Pat Carroll, and in the afternoon of said day did go to the feed pens, located about one and one half miles east of the town of San Saba, and did then and there have a conversation with the said Mitch Alexander. The said Pat Carroll, for whose murder the said E. W. Yardley was then and there on trial, was killed in the said town of San Saba, on the 3d day of March, A. D. 1906. The said statements so made by the said E. W. Yardley as a witness in his own behalf in said cause in the manner and form as aforesaid was deliberately and wilfully made and was deliberately and wilfully false, as he, the said E. W. Yardley, then and there well knew."

Appellant filed a motion to quash the indictment, and cites the court to the case of McVicker v. State, 52 Texas Crim. Rep., 508, to support same, insisting that the indictment does not show how or wherein the testimony upon which perjury was predicated is material. There are some expressions in the McVicker's case that support appellant's contention, but the first statement therein is to the effect that the indictment in that case was inartistically drawn and was vague and indefinite. Then follows a statement that the same does not

show how or wherein the statement upon which perjury is predicated became material. In a subsequent clause of the same opinion will be found this very explicit statement: "And while it is not necessary for the indictment to show the materiality, under a long line of authorities of this court, we suggest, in view of the lack of certainty in the allegation, that a new indictment be found." So it will be seen from a careful analysis of said decision that there was no effort made therein to overturn the settled rule of this court, which is this: that in perjury cases all that is necessary to do is to state distinctly what the party swore to and allege its materiality, and it is not necessary to show how or wherein it was material. It is not necessary to show the materiality, since to do so would be placing the evidence in the pleading, to wit: the indictment, which would violate a rudimentary rule of the law of practice and procedure. If the indictment alleges that the false statement was material to the issue on trial, it is sufficient without alleging the facts which show the materiality. See Washington v. State, 22 Texas Crim. App., 26; Partain v. State, 22 Texas Crim. App., 100; Kitchen v. State, 26 Texas Crim. Rep., 165, and Sisk v. State, 28 Texas Crim. App., 432. Of course, if the indictment does not allege that the false statement was material, then the indictment must show upon its face its materiality. But the better practice is to allege the false statement and then allege that said statement was then and there material, as is suggested in White's Penal Code, section 333. See also Cravey v. State, 33 Texas Crim. Rep., 557.

Reverting a moment to the McVicker's case, it will be observed that the judgment was reversed and the cause dismissed. This was done in view of the lack of certainty in the allegation in the indictment; not because the indictment did not show the materiality, but for the lack of certainty in the allegation of the statement upon which perjury was predicated. Many other authorities in addition to those above might be cited to support the rule that it is not necessary for the indictment to show the materiality of the statement upon which perjury is predicated. The indictment before us in this case is quite explicit as to what appellant swore, and is equally explicit in charging that said statement was material in the course of the judicial inquiry. The evidence clearly shows the materiality of the testimony. This was all that the State was required to do. We accordingly hold that the indictment is sufficient, and that the evidence amply supports the allegations of the indictment.

As presented by the bill of exceptions and qualifications of the judge, we are of opinion that there was no error in overruling the application for continuance. The diligence was not sufficient. It was the second application. The court qualifies the bill and states that the court convened on November 4, 1907; the case was called and postponed until Wednesday of the first week of court. The witness Mrs. Woodward lived within forty-five miles of court, and

no effort was made to secure her attendance, no process was applied for, and it is further stated that the witnesses were accessible to the court within two or three days' time if served with process, but no process of any kind was applied for, and two of the witnesses, Mrs. McFarland and Mrs. Pace, were absent at the last term of the court. The case was tried on November 6. As that matter is presented, we are of opinion that there is not a sufficient showing made to require a reversal for refusing the continuance.

There is another bill of exceptions in the record. It complains of the closing remarks of the district attorney. The following language is recited: "If the defendant had have had as much consideration for his wife and her feeling as the defendant's counsel seem to have, the defendant would not have entered into the damnable conspiracy that the evidence in this case shows that he did to take the life of Pat Carroll." Signing the bill the court thus explains: "That said remarks were made in behalf of the State in reply to counsel's appeal in behalf of the defendant for the jury to respect and consider the feelings of defendant's wife, and though the evidence showed that defendant had killed said Pat Carroll, the court instructed the district attorney to not indulge in any inflammatory appeal to the jury in answer to defendant's appeal in behalf of the feelings of defendant's wife, and as no special requested instructions were requested by defendant's counsel, and as said remarks of district attorney were warranted by the evidence, and in reply to defendant's counsel, and not outside of the record, the court did nothing further than to suggest that no inflammatory argument be used, and the district attorney followed and was guided by the court's request and suggestion." As this matter is explained, we are of opinion that there is no sufficient reason to reverse the judgment.

The bills of exception discussed are all that are incorporated in the record. Finding no reversible error in the record, the judgment is ordered to be affirmed.

*Affirmed.*

[Rehearing denied March 17, 1909.—Reporter.]