## M. H. WHITE V. THE STATE.

No. 9672. Delivered April 21, 1926.

**1.—Perjury—Statute Construed—Old Art. 465 C. C. P.**

That part of old Art. 465 C. C. P. which provided that where a party is charged with having made contradictory statements under oath, which are clearly contradictory and irreconcilable, that is, statements both

of which would be sufficient to constitute perjury, cannot be true, was not brought forward under Art. 408 of the C. C. P. of 1925, and under the repealing clause of the 1925 revision that part of old Art. 465 was repealed.

### 2.—Same—Continued.

The article of the statute, old Art. 465 C. C. P. of 1925, and under which the indictment is drawn was found in the code of criminal procedure. By its repeal, the legislature did not repeal the offense of perjury, but simply repealed a provision of procedure which defined the method of charging and trying a person for that offense.

### 3.—Same—Continued.

Where a statute has been repealed without a saving clause pending a prosecution, no conviction can be had under such statute, after its repeal, and the article under which this prosecution was brought, having been repealed before the trial of appellant, his conviction under it was without warrant of any law, and the judgment is therefore reversed and the cause dismissed. Following Wall v. State, 18 Texas, 632, and a line of cases cited down to date.

Appeal from the District Court of Hood County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for perjury, penalty two years in the penitentiary.

The opinion states the case.

*Oxford & Johnson* of Stephenville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is perjury, and the punishment is two years in the penitentiary.

The indictment is drawn under Section 1 of Art. 465 of the C. C. P. as amended by the acts of the 38th Legislature, Regular Session, found on page 83 thereof. The indictment charged and the proof tended to show that the appellant had made contradictory statements under oath in a certain legal proceeding, the substance of the indictment being that before a court of inquiry held by a Justice of the Peace of Hood County, he made a statement under oath in conflict with and contradictory to a statement made by him before the grand jury of Hood County.

The point is made that under the statute as amended, the indictment is insufficient to form the basis for a charge of perjury and that the evidence is insufficient to support the judgment.

That part of Section 1, Art. 465, supra, under which the indictment is drawn, reads as follows:

"And where a party is charged with having made contradictory statements, under oath in a legal proceeding, it shall be sufficient to charge in the indictment and to prove upon the trial that in one legal proceeding he made a statement knowingly and wilfully under an oath legally administered, which is contradictory of another statement made by him under oath lawfully administered in a legal proceeding; and where it clearly appears that the statements so made are contradictory and irreconcilable, that is, statements both of which cannot be true, it shall not be necessary to prove which of such statements is false; provided that the making of each statement shall be set out in the indictment with the same elements and the same particularity as if it was the sole statement charged, and the fact so charged shall be proved as in other cases of perjury. Provided, that no conviction shall be had unless the false statement is material to some issue in the matter under inquiry."

In bringing forward Art. 465, supra, it is incorporated in the 1925 revision of the C. C. P. as Art. 408, and the portion of said article quoted above is entirely omitted in the 1925 Revision. Under the general repealing clause of the 1925 Revision of the C. C. P. we find the following statement:

"All penal laws and all laws relating to criminal procedure in this state that are not embraced in this act and have not been enacted during the present session of the Legislature be and the same are hereby repealed. All laws and parts of laws relating to crime omitted from this act have been intentionally omitted and all additions have been intentionally added and this act shall be construed to be an independent action of the Legislature enacted under the caption hereof and the articles contained in this act revised, rewritten, changed, combined and codified shall not be construed as a continuation of former laws except as otherwise herein provided."

The State calls attention to Art. 17 of the 1925 Revision of the P. C., which is to the following effect:

"No offense committed and no fine, forfeiture or penalty incurred under existing laws previous to the time when this code takes effect shall be affected by the repeal herein of any such laws."

Contention is made that under Art. 17 of the P. C. that although the portion of the statute first quoted herein was repealed, yet its repeal does not affect this case in view of the

fact that the offense was committed before the adoption of the code. It must be borne in mind that Art. (O. C.) 465 was a part of the C. C. P. and not a part of the P. C., and that Art. 17, supra, is a portion of and applies only to the P. C. We think it clear that said Art. 17 of the P. C., supra, does not affect or in any manner control a proper construction of the C. C. P. There is no such saving article found in the C. C. P. but on the contrary it seems clear from Article 1 of the repealing clause thereto that it was the intention of the Legislature to repeal all portions of the C. C. P. that were not expressly embraced therein. The article of the statute under which this indictment was drawn, as above stated, was found in the C. C. P. and was in fact a statute of procedure. By its repeal the Legislature did not repeal the offense of perjury but simply repealed a procedural statute which attempted to define the method of charging and trying a person for the commission of that offense.

The statute having been repealed without a saving clause pending the prosecution, no punishment can be inflicted although the act was done while the law was in force. Wall v. State, 18 Texas, 632; Greer v. State, 22 Texas, 588; Shepherd v. State, 1 Texas Crim. App., 522; Hubbard v. State, 2 Texas Crim. App., 506; Teuton v. State, 4 Texas Crim. App., 472; Haplan v. State, 5 Texas Crim. App., 212; Whisenhurst v. State, 18 Texas Crim. App., 491; Kenyon v. State, 31 Texas Crim. Rep., 13; Hall v. State, 52 Texas Crim. Rep., 195, 106 S. W., 145.

From what has been said it follows that in our opinion the judgment of the trial court should be reversed and the prosecution ordered dismissed.

<em>Reversed and dismissed.</em>

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.