R. R. KING v. THE STATE.

No. 12419.   Delivered May 1, 1929.

The opinion states the case.

*Scott & Jaworski* of Waco, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is perjury; the punishment confinement in the penitentiary for two years.

On August 7th, 1919, G. E. Hill was run over by a train belonging to the Gulf, Colorado & Santa Fe Railway Company. His injuries resulted in death. After being injured Hill was found in the yards of said railway company between a string of box cars near a spur track. His location was about five hundred feet away from a point where the railroad tracks of the Gulf, Colorado & Santa Fe Railway Company intersected a street of the city of Cleburne. When found Hill's hat, coat and shoes were off. An ambulance carried him to a hospital where he died. Mrs. Hill brought suit against the railway company for damages in the 19th District Court of McLennan County. She alleged in her petition that her husband had been killed by the railroad company while traveling along one of the public streets of the city of Cleburne adjacent to the freight depot. It was averred in her petition that Hill was in the act of crossing one of the tracks of the railroad company where said tracks intersected a public street when, without warning and without giving any alarm or signal, said company negligently started a string of cars in motion across said public street and struck and killed Hill. In 1919 the deposition of appellant was duly taken by plaintiff in the suit (No. 25,132) referred to. In answer to the interrogatories propounded to him, appellant stated that Hill was about three feet from the end of the car that struck him; that he was in the street, walking across the railroad track at the time the engine struck the string of cars and knocked him down. In 1922 plaintiff took appellant's second deposition. In this deposition substantially the same statements were made as were disclosed by the first deposition, except that appellant testified in answer to interrogatories propounded in the second deposition that after being injured Hill arose and with appellant's assistance went to the point in the railroad yards where he was picked up by the ambulance. These depositions were introduced

in evidence on the trial of the case. Finally Mrs. Hill was awarded a judgment against the railroad company. While the case was pending on appeal appellant went to the office of an attorney for the railroad company and made affidavit to the effect that his statement contained in his deposition of 1919 was false; that Hill was in the yards of the railroad company lying under a box car when he was run over; that he (Hill) was about 500 feet away from the intersection of the street with the railroad tracks when injured. In effect the statement contained in this affidavit showed that Hill's contributory negligence in lying under a box car on the premises of the railroad company brought about his injuries. In this affidavit appellant stated that the deposition of 1922 was a forgery. Subsequent to the making of the affidavit referred to the judgment awarding Mrs. Hill damages was affirmed by the Supreme Court. Thereafter the railroad company brought suit against Mrs. Hill to enjoin the collection of the judgment in cause No. 25,132. It was alleged in the petition that the judgment had been procured by false testimony in that the statement contained in appellant's deposition of 1919 was false, and that the deposition of 1922 was a forgery. It was averred in substance that Hill had been killed in the yards of the railroad company under circumstances showing contributory negligence on his part. On the trial of the injunction suit (No. 28,363) the court refused to submit to the jury the issue as to whether the testimony given in the deposition of 1919 was false, holding that the question had been adjudicated by the Supreme Court. Only the issue as to whether the second deposition was a forgery was submitted to the jury. In 1928, prior to the trial of the injunction suit, Mrs. Hill's attorneys took appellant's deposition. He stated in answer to the interrogatories then propounded to him that the statement contained in his deposition of 1919 was true. On the trial of the injunction suit appellant appeared as a witness and testified that the statements contained in the depositions of 1919 and 1928 were false.

The assignment of perjury is based on the statement contained in appellant's deposition of 1928 to the effect that the answers made to the interrogatories propounded in the deposition of 1919 were true.

On the present trial statements made by appellant contradicting the statements contained in his depositions of 1919 and 1928 were introduced by the state. It was shown that appellant had stated to several witnesses that Hill was lying under a box car in the yards of the railroad company when injured. As hereinbefore shown, the

deposition of 1919 contained testimony to the effect that Hill was injured at a street crossing under conditions showing negligence on the part of the railway company, and the deposition of 1928, upon which the assignment of perjury was based, affirmed the truth of such statement. In addition to statements made to various witnesses which were directly contradictory of the statements set forth in the depositions referred to, the state introduced the contradictory statements made by appellant in his affidavit and in person on the trial of the injunction suit, wherein he declared that the statements contained in the depositions of 1919 and 1928 were false. Several physicians testified that they were of the opinion, from the condition in which they found Hill after he was taken to the hospital, that he could not have walked from the point where appellant stated that he was injured to the place where he was picked up by the ambulance. They said that the examination made at the hospital disclosed that Hill was paralyzed from the waist down. The further fact that Hill was found about five hundred feet from the intersection of the street and railroad tracks where appellant said he was injured was stressed by the state.

The sufficiency of the evidence is called in question, it being contended in the first place that the conviction rests solely on appellant's contradictory statements. Article 723 C. C. P. provides:

"In trials for perjury or false swearing, no person shall be convicted except upon the testimony of two credible witnesses, or of one credible witness corroborated strongly by other evidence as to the falsity of the defendant's statement under oath, or upon his own confession in open court."

It has been held by this court that a conviction for perjury resting solely upon the contradictory statements of the accused will not be sustained. White v. State, 282 S. W. 811; Butler v. State, 38 S. W. 46; Brooks v. State, 16 S. W. 542; Billingsley v. State, 95 S. W. 520. Circumstantial evidence is available to the state to establish the offense of perjury. Williams v. State, 3 S. W. (2d) 94. We deem it unnecessary to determine whether or not the circumstances testified to by the several witnesses used by the state were sufficient to establish the falsity of the statement assigned as perjury, inasmuch as it appears that the truth or falsity of such statement was not a material issue on the trial of the injunction suit.

It is undisputed that the railway company was aware of the alleged fraud in obtaining the judgment against it when it invoked the jurisdiction of the Supreme Court by writ of error. The very

issue which the railway company attempted to inject by the proceedings to enjoin the judgment had been at least impliedly decided and finally settled by the judgment which was affirmed by the Supreme Court. The railway company having elected, after having knowledge of the alleged falsity of the testimony upon which the judgment against it was procured, to invoke the jurisdiction of the Court of Civil Appeals and the Supreme Court was in no position to attack a judgment which it, knowing all the facts, had invoked; Campbell v. Wiggins, 22 S. W. 5; Halbrook et al. v. Guinn et al., 286 S. W. 954; Davis et al. v. Cox et al., 4 S. W. (2d) 1008. We must therefore conclude that the judge trying the injunction suit was correct in holding that the truth or falsity of the statement contained in appellant's deposition of 1919 was not a material issue. Article 307 P. C. provides:

"The statement of any circumstance wholly immaterial to the matter in respect to which the declaration is made is not perjury."

Believing that the evidence is insufficient to support the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., not sitting.