# JANUARY 9, 1946

ELAINE CONWAY V. THE STATE.

No. 23266. Delivered January 9, 1946.

The opinion states the case.

*R. Lee Davis,* of Orange, and *Bassett & Parks* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a sentence of two years in the penitentiary on a charge of perjury.

Appellant and her stepfather had been indicted, by a previous grand jury, on charges of incest. At the time of the return of that indictment appellant was out of the county and was not available for examination by the grand jury. The subsequent session, according to the evidence of the district attorney and the foreman, desired to know what she would testify in the two cases pending against her and her stepfather. She was called and sworn and she denied emphatically that her stepfather had ever had sexual intercourse with her, in Orange County or any other place, at any time. This testimony is the basis for the indictment of perjury in the instant case.

When this case was called for trial appellant filed a motion to quash. Inasmuch as the indictment did not show the purpose for which she was called before the grand jury as above stated, the court properly refused to quash the indictment at that time. Later the foregoing evidence was produced and it is our conclusion that the procedure then described by the district attorney and the foreman of the grand jury was such that an indictment for perjury would not lie. The court should have granted the motion in arrest of judgment.

On the trial of the case the State relied, for conviction, on statements made by appellant to other parties to the effect that her stepfather had been having sexual intercourse with her. Such statements would come under the classification of extrajudicial confessions. They were not corroborated and were, therefore, insufficient to support the jury's verdict. Article 723, Ver-

non's Ann. C. C. P., and citations thereunder; Brooks v. State, 16 S. W. 542; Waters v. State, 17 S. W. 411; Agar v. State, 16 S. W. 761; Miles v. State, 165 S. W. 567; King v. State, 16 S. W. (2d) 1072.

The judgment of the trial court is reversed on the facts, with a suggestion that, under the circumstances described by the foreman of the grand jury and the district attorney, a serious question has arisen as to the validity of the indictment. Ex parte Richards, 4 S. W. (2d) 974, and authorities there discussed; Carpenter v. State, 195 S. W. 199.