## H. H. DODSON V. STATE

No. 27,303, January 26, 1955.
State's Motion for Rehearing Denied
(Without Written Opinion) March 30, 1955

*Howze & Howze,* by *Murray J. Howze,* Monahans, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is perjury; the punishment, three years.

County Attorney Finley testified that the appellant came to his office and signed a complaint charging Mary Ida Dodson, his former wife, with passing as true a forged instrument. The instrument which was the basis for that complaint was a note in the sum of $180 payable to the Kermit State Bank which bore three names as makers, one of which was appellant's, and the appellant told Finley that he had not signed the same and knew nothing of its existence until it became due.

Finley testified further that the grand jury for Winkler County was called in special session in August, 1953, to investigate, among other matters, the charge against appellant's former wife; that appellant appeared before the grand jury, was

sworn, and testified that the signature on the note was not of his writing; and that, in addition, the appellant exhibited certain samples of what he asserted to be his genuine signature and one bearing his name which he claimed had been signed by his former wife.

John Gambill, Foreman of the Winkler County Grand Jury, which met in August and vice-president of the Kermit State Bank, testified that Mary Ida Dodson came to his bank and made application for a loan; that he made out a note and instructed her to secure the appellant's signature and get two others to sign the same with him; that she returned with the executed note, and he gave her the money; that when the note became due notices were sent out, and the appellant came in and denied that he had signed the note and stated that he was going to see the county attorney. Gambill testified that the August grand jury were investigating the charge of passing a forged instrument against Mary Ida Dodson; that the appellant appeared before the grand jury and denied under oath that he had signed the note and, further, left with the grand jury two checks which he stated bore his genuine signature and one which bore his name but which had been signed by his former wife. Gambill stated that from his 25 years' experience in the banking business he had become familiar with signatures and that, in his opinion, the signature on the checks which the appellant admitted were his own had been written by the same person who signed the note.

John R. Lee, District Attorney, and several members of the grand jury testified and corroborated portions of Mr. Finley's and Mr. Gambill's testimony.

It was shown that the August grand jury did not return an indictment against Mary Ida Dodson.

Mary Ida Thomas testified that subsequent to her divorce from the appellant she had married one Thomas and that she saw the appellant sign the note in question.

Appellant testified that he did not sign the note. He stated, when first questioned, that he did not know of the existence of the note until asked about it by Mrs. Cromer and that he had then told her that the note was not due. Later in his testimony he denied that he had told Mrs. Cromer that the note was not due. He testified that on the date which the note bore he and Mary Ida had been divorced for two years.

The state called in rebuttal Document Examiner Hanson of the Texas Department of Public Safety, who testified that in his professional opinion the signatures, on the note and the two checks admittedly written by the appellant were written by the same person and contained the same characteristics.

We find the evidence sufficient to sustain the conviction.

Appellant's motion to quash the indictment is predicated upon two contentions. We shall discuss them separately.

1. That the indictment does not allege that the statement sworn to by the appellant before the grand jury was material to the issue which was under investigation by the grand jury. We quote a portion of the indictment:

" . . . whereupon it then and there became and was a material inquiry before said Grand Jury, and necessary for the due administration of the criminal law of said State, whether Mary Ida Dodson, in the County and State aforesaid, on or about the 11th day of July, A.D. 1953, did then and there unlawfully, and with intent to injure and defraud, wilfully and fraudulently make a certain false instrument in writing purporting to be the act of another, which said false instrument in writing is to the tenor following; to-wit:

"(here the note is set forth in full.)

"And the said H. H. Dodson did on the day hereinbefore first named in said County, before and to said Grand Jury, under the sanction of said oath administered to him as aforesaid, wilfully and deliberately state and testify that the signature, to-wit: 'H. H. Dodson,' upon the aforesaid note was not his genuine and true signature and was not placed upon said note by him, the said H. H. Dodson, whereas in truth and in fact said signature, to-wit: 'H. H. Dodson,' was the genuine and true signature of said H. H. Dodson, which said statement so made by the said H. H. Dodson before and to the said Grand Jury as aforesaid was wilfully and deliberately false, and the said H. H. Dodson knew the same to be false when he made it; against the peace and dignity of the State."

Appellant relies upon Carpenter v. State, 81 Texas Cr. Rep. 298, 195 S.W. 199. In that case the question before the grand jury was whether the appellant had forged the name of one Jenkins to an order for fruit trees. However, the pleader alleged

that the material inquiry was whether Jenkins had signed the order. In holding the indictment defective, this court said:

"It is well settled that, in an indictment for perjury alleged to have been committed before a grand jury, the allegations must show that the matter under investigation before the grand jury was a violation of law; in other words, that what the grand jury was investigating when the alleged false testimony was given before it was the violation of some law.

" . . . Instead, the material inquiry was, in substance, whether appellant had signed Jenkins' name to said written order without his authority, knowledge and consent, so as to be a forgery by him of said Jenkins' name to said order.

" . . . In reality that was what was under investigation."

Now, let us return to the case at bar. It is apparent from the facts herein stated that the appellant had initiated prosecution against Mary Ida Dodson Thomas asserting that she had passed an instrument containing a forgery of his signature and that the grand jury was assembled for the purpose of determining whether or not an indictment should be returned against her for such offense. It was during the course of its investigation of this question that the appellant gave the false testimony which constitutes the basis of this prosecution.

2. That the indictment is defective because it does not allege that the appellant signed the note in question. We think that the portion of the indictment above quoted which alleges, "Whereas in truth and in fact such signature, to-wit, H. H. Dodson, was the genuine and true signature of the said H. H. Dodson," answers such contention.

Finding no reversible error, the judgment of the trial court is affirmed.

DAVIDSON, Judge (dissenting).

The indictment in this case is, in my opinion, fatally defective. I therefore enter my dissent to its approval.

It has so long been the established law of this state that it is now axiomatic that for one to be guilty of the crime of perjury by the giving of false testimony before a grand jury the false testimony must be material to the matter under investigation. 32 Texas Jur., Sec. 6, p. 785; McVicker v. State, 52 Texas

Cr. R. 508, 107 S.W. 834; Weaver v. State, 34 Texas Cr. R. 554, 31 S.W. 400; Brooks v. State, 29 Texas App. 582, 16 S.W. 542.

It is equally well settled that the indictment in a perjury case must allege, in order to be sufficient, that the alleged false statement was material to the matter under investigation, or facts must be set forth in the indictment which make the materiality apparent. 32 Texas Jur., Sec. 19, p. 798; 30 Texas Digest, Perjury, Key 25, pp. 106-7:

In the absence of an allegation or showing of materiality, the indictment is fatally defective. Bell v. State, 75 Texas Cr. R. 401, 171 S.W. 239; McMurtry v. State, 38 Texas Cr. R. 521, 43 S.W. 1010; Martin v. State, 33 Texas Cr. R. 317, 26 S.W. 400.

Does the instant indictment meet these requirements? A reference thereto does not show that it does. Nowhere therein does it allege, by direct or positive allegation, that the testimony of appellant (H. H. Dodson) before the grand jury was material to the unlawful act which that body was then investigating—that is, whether Mary Ida Dodson forged the promissory note described in the indictment. There being no such allegation, we must next look to see if facts were alleged that show or demonstrate its materiality. No such facts are alleged.

The inquiry before the grand jury was whether Mary Ida Dodson "made a certain false instrument in writing purporting to be the act of another," in other words, whether Mary Ida Dodson committed the forgery of the instrument.

The instrument set forth in the indictment was a promissory note for the sum of $180, payable to the order of the Kermit State Bank and bearing the signature of three persons, viz., H. H. Dodson, R. S. Lowrance, and Bruce Cromer.

The general allegation that the forged instrument purported to be the act of another, without specifying whose act it purported to be, had the effect, because the note purported to be the act of three persons, of charging that all three names to the note had been forged.

The material inquiry before the grand jury, then, was not whether H. H. Dodson had or had not signed the note, but the issue, and only issue, before the grand jury was whether Mary Ida Dodson had signed the name of H. H. Dodson thereto.

The fact that H. H. Dodson testified that he had not signed the note did not show that Mary Ida Dodson had not done so.

The indictment, upon its face, demonstrates its invalidity under the applicable and controlling legal rules.

The appellant's motion to quash the indictment should have been sustained.

The case should be reversed and the prosecution ordered dismissed.