## RASMUSSEN v. GRIMES. (No. 1777.)*

Court of Civil Appeals of Texas. Beaumont. Jan. 22, 1929.

Rehearing Denied Jan. 30, 1929.

Elmer Graham, of Houston, for appellant.
Frazier & Averitte, of Hillsboro, for appellee.

O'QUINN, J. Appellant sued one F. S. Shook, Jr., in the district court of Harris county, Tex., to recover one-half of a $2,500 promissory note alleged to be the joint obligation of Shook and himself, and which he alleged he had paid, and pending the suit caused a writ of garnishment to be served on appellee, who resided in Hill county, Tex. Appellee failed to answer in said garnishment proceeding, and judgment by default was taken against him on October 7, 1927, in the sum of $1,278.75. After the expiration of the term of the court at which judgment was rendered, appellant had execution issued on the judgment, and placed same in the hands of the sheriff of Hill county to enforce the collection of said judgment. January 16, 1928, appellee, Grimes, filed this suit, a direct action to set aside and vacate said judgment and to enjoin its execution.

Appellee's petition is very lengthy, containing twenty-four typewritten pages. We shall only briefly outline its allegations. Among other things, he alleged that he was a layman, had worked at hard labor all his life, and was not learned in the law; that, immediately after being served with the writ of garnishment herein, he carried same to a reputable lawyer residing in Hillsboro, Hill county, Tex., a lawyer of more than thirty years' experience in the active practice of the law, and who for ten years had represented appellee before; that he had no reason to believe or suspect that said lawyer would not, on this occasion, properly advise and represent him; that at said time, June 8, 1927, he requested said lawyer to represent him in said matter and to do all such things as were necessary to protect him and his rights in the matter; that said lawyer then and there promised that he would do so and took from appellee said writ of garnishment, examined it, and advised appellee that, since he did not reside in Harris county, Tex., where the suit out of which the writ of garnishment issued was pending, but did reside in Hill county, Tex., he would not be required to answer until a commission was issued requiring him, as such garnishee, to answer such commission in Hill county and not in Harris county; that appellee would be brought before an officer in Hill county for the purpose of answering, and that, until such time, nothing further was required to be done in order to fully protect his rights; that said attorney accepted said employment and promised to do everything that was requisite to properly attend to such matter; that appellee believed the statements and advice made to and given him by said attorney, and relied thereon, and took no further steps to employ other counsel or to make answer in said cause; that he believed the advice given him by said attorney to be correct, otherwise he would have gone to Harris county and employed another attorney and filed answer in said matter; that not until January 5, 1928, did he learn that the advice given him by his said attorney was not the law

as same existed at the time he was served with the writ of garnishment, as evidenced by article 283 of the 1920 Complete Statutes of Texas, but that same had been changed in 1923, and that his said attorney was not properly informed as to said change in said law, on account of which appellee was deprived of his answer and of the means of knowing what to do to protect his interests, otherwise than as advised by his said attorney, and on account of which fact alone, and without fault on his part, he had made no answer and could not make answer to said writ, as provided by law; that Rasmussen, plaintiff in the original suit, had taken judgment against him for $1,125 principal, $37.50 interest, and $116.25 attorney's fees; that, on account of the fact that he was a layman unlearned in the law, and on account of the erroneous advice given him by his said attorney, who was an officer of the court and upon whom he relied, he had no information that said cause had or would be presented against him in the district court of Harris county, or that said judgment had been rendered against him at any time during the term of the court at and during which it was rendered until January 5, 1928, after the expiration of said term of said court; that at said time, when he was advised by letter from the attorney for Rasmussen, plaintiff in said suit, he at once carried said letter to his attorney that he had employed to represent him, who then for the first time ascertained that he was in error in the advice given him; that he immediately went to Houston for the purpose of advising with and did advise the attorney for Rasmussen, plaintiff in the garnishment suit against him, of the true facts, to the effect that at the time the writ of garnishment was served on him he did not owe Shook, the defendant in the original suit, any sum of money whatsoever, and did not know of any other person who was indebted to said Shook, and fully advised said attorney as to why he had made no answer in said cause, and that it would be unconscionable, inequitable, and unjust for him to be forced to pay said judgment; that he failed to procure any relief through his interview with said attorney of Rasmussen, and, having no other remedy, was forced to bring the instant suit for the purpose of invoking the equity powers of the court to reopen, review, set aside, and annul the judgment against him.

Appellee, in his said petition, further fully answered to the effect that he was not, on June 7, 1927, the date that the suit against him was filed, nor on June 8, 1927, the date he was served with the writ of garnishment, nor at any time since said date, nor at the time of filing his petition herein, indebted in any sum or in any manner to the original defendant, Shook, nor was he at any of said times in possession of any effects belonging to said Shook, nor did he, at either of said times, know of any person who had effects of said defendant, Shook, in their possession; that said Shook was at all of said times and was then insolvent; that the attorney who had first advised appellee was insolvent and could not be made to respond in damages; and that, unless the judgment rendered against him as garnishee was set aside and annulled, he (Grimes) would be without any adequate remedy at law, and would suffer irreparable injury; that he had not in any wise been personally negligent in giving attention to said cause; that the county of Harris, in which this suit was pending, is a county having more than one district court, and is governed by a Special Practice Act, and he and his attorney resided in Hill county, where his said attorney was engaged in the practice of law, and which said county had only one district court, and was not governed by said special act; that Rasmussen, plaintiff in said original suit, had purposely not advised him of the rendition of said judgment against him until after the term of court at which said judgment was rendered had expired, knowing that plaintiff's right would be cut off under the law, or that he would, necessarily, be hampered in presenting the justice and equity of his cause to the court for relief; that the rendition of said judgment against him was unmixed with fault or negligence on his part; that he was able to impeach the justice and equity of the judgment rendered against him; and that there were grounds to support his belief that a different result would be obtained and that justice would be had in the event a new trial was granted and said original judgment was vacated.

Appellee further alleged that the bond filed in the original cause in support of the writ of garnishment was inadequate and not in compliance with law, because same was only for the sum of $2,500, whereas an indebtedness was claimed in the sum of $1,278.75; that Rasmussen, plaintiff, was not entitled to maintain his original suit on the $2,500 note, because:

(a) Suit on the note was not the proper remedy, but that suit for contribution in equity was his legal remedy.

(b) Because Rasmussen had not, in fact, paid the note upon which he founded his original suit, as alleged by him, wherefore he was not entitled to judgment against garnishee as such, same being an imposition on the court, that Rasmussen had caused an execution to issue against him as garnishee, and had placed same in the hands of the sheriff of Hill county to be levied upon his property, and that, unless restrained from doing so, same would be levied upon pending hearing upon the merits of this suit, and that under the circumstances he was without an adequate remedy at law to protect his rights, unless a writ of injunction was issued restraining defendant, Rasmussen, and said

sheriff from making a levy upon his property until a hearing could be had; and prayed for citation and for a writ of injunction against the enforcement of said judgment, and that upon a hearing he have judgment annulling and setting aside said judgment against him.

His petition was duly verified, and there were attached to same exhibits of the various instruments, judgments, writs and pleadings mentioned.

On January 16, 1928, the same day appellee's petition was filed, the defendant in the instant suit, Rasmussen, appeared and answered by general demurrer and general denial, which was duly verified. The defendant, Simmons, sheriff of Hill county, answered submitting to the jurisdiction of the court, and that he had no interest in the controversy other than to duly discharge his official duty, subject to the orders of the court. By agreement of all parties, on the same day, January 16, 1928, the case proceeded to trial before the court without a jury, and after the evidence closed judgment was rendered in favor of appellee, Grimes, vacating and annulling the judgment against him as garnishee, and restraining its execution, and taxing the costs, both in the original garnishment suit and in the instant case, against appellee. To this judgment appellant excepted, filed his appeal bond, and the case is before us for review on appeal.

■ Appellant's first assignment of error, as copied in his brief, is: "To entitle a plaintiff to relief, the allegations in his petition and the proof supporting same must comport." This assignment is submitted as his first proposition. The assignment is entirely too general. It is but an abstract proposition of law, and fails to point out any error.

Furthermore, appellant's first assignment of error, as contained in the transcript, reads: "The court erred in entering judgment for plaintiff for the reason that the proof in the record does not sustain the allegations of plaintiff's petition, nor sustain the judgment." It is seen that the assignment as copied into the brief is not even a substantial copy of the assignment as shown in the transcript. This is in violation of rule 32, Courts of Civil Appeals, for briefing. However, if it could be said that the assignment is in any wise a substantial copy of the assignment found in the transcript, then it merely complains of the insufficiency of the evidence to support the court's finding as reflected in the judgment, and, as we think the evidence does conform to the plaintiff's allegations and does support the judgment, it would have to be overruled.

■ Appellant's second assignment, as shown in the brief, reads: "A plaintiff is not entitled to injunctive relief on a garnishment case where his failure to file answer was attributable to his own omission, neglect or default." His second assignment, as brought forward in the transcript, is: "Because the uncontroverted testimony herein discloses that plaintiff was guilty of negligence and not entitled to the relief prayed for." If it can be said that the assignment in the brief is substantially the same as that brought up in the transcript, which we doubt, as the one is but the statement of an abstract rule of law and therefore too general to be considered, and the other but a statement of the pleader's conclusion as to the effect of the evidence, neither statement pointing out any error the assignment must be overruled.

■ Appellant filed seven assignments of error in the trial court, which are brought up in the transcript, but, as he has failed to bring forward in his brief any of them except the first and second, he must be held to have waived the others. Rule 32.

■ In any event, the judgment of the lower court should be affirmed. Appellee fully pleaded all the matters that would aid him to invoke the equity powers of the trial court to vacate and annul the judgment against him. There is nothing in the record to indicate upon which of the many matters pleaded by appellee for relief, and supported by proof, the court based his judgment. The evidence shows without dispute that to enforce the judgment against appellee would not only be inequitable but unconscionable. It further shows, we think, that appellee was not personally negligent in such manner and to such extent as would at all justify the enforcement of the judgment against him. It may be that the trial court, in addition to the things just mentioned, thought that some of the matters pleaded by appellee and supported by proof against appellant's being entitled to the original judgment were well taken, and, if so, we think there is support in the record for such finding. Upon the whole, we think it was not error for the court, in the exercise of its equity powers, to re-examine the case on its merits and grant such relief as in his opinion equity and justice demanded.

The judgment should be affirmed, and it is so ordered.

Affirmed.