### RASMUSSEN v. GRIMES. (No. 1304—5386.)

Commission of Appeals of Texas, Section A. Feb. 12, 1930.

Elmer Graham, of Houston, for plaintiff in error.

Frazier & Averitte, of Hillsboro, for defendant in error.

HARVEY, P. J. On October 7, 1927, a judgment by default against the defendant in error, Fred C. Grimes, for the sum of $1,278.75, was regularly rendered by the district court for the Eightieth judicial district, in Harris county, in a certain garnishment proceeding in which Rasmussen was the plaintiff and Grimes was garnishee. The present suit was brought by Grimes against Rasmussen seeking to enjoin the enforcement of said default judgment, and, in effect, to vacate said judgment. The petition in the suit is addressed to "The District Court of Harris County." The case was tried in the district court for the Sixty-First judicial district, in Harris county, without the intervention of a jury, and that court rendered judgment in favor of Grimes, vacating said default judgment and perpetually enjoining Rasmussen from enforcing same. From this judgment of the Sixty-First district court, Rasmussen appealed; and said judgment was affirmed by the Court of Civil Appeals. 13 S.W.(2d) 959. Thereupon Rasmussen applied to the Supreme Court for writ of error, which was granted.

In his application for the writ of error, Rasmussen presents, as ground of error, the fact that this case was tried in the Sixty-First district court. The contention being that, inasmuch as the default judgment in controversy was rendered by the Eightieth district court, it was error, in view of the provisions of article 4656 of the Statutes, for the Sixty-First district court to try the case. This article provides that writs of injunction to stay execution on a judgment shall be "returnable to and tried in the court where * * * such judgment was rendered." This requirement that a suit of this sort shall be "tried" in the court where the assailed judgment was rendered is subject to and qualified by those provisions of article 2092 by which the distribution and trial of cases pending in the Eleventh, Fifty-Fifth, Sixty-First, and Eightieth district courts are regulated. There being no affirmative showing to the contrary, the presumption obtains that the present case regularly became subject to trial in the Sixty-First district court, in virtue of some one of the various relevant provisions of sections 21 to 27 of article 2092.

The only other ground of error presented in the application for the writ of error is not borne out by the record.

Finding no reversible error presented in the application for writ of error herein, we recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be affirmed.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals are affirmed, as recommended by the Commission of Appeals.