## THOMPSON et al. v. GAITHER.

### No. 4134.

Court of Civil Appeals of Texas. Texarkana.
Jan. 25, 1932.

Rehearing Denied Feb. 4, 1932.

O. B. Pirkey, and Otto H. Atchley, both of New Boston, for appellants.

N. L. Dalby, of Texarkana, and L. W. Shafer, of Simms, for appellee.

WILLSON, C. J. (after stating the case as above).

By the terms of article 2182, R. S. 1925, "at any time [quoting] before the jury has retired, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief." So, whether the trial court erred when he overruled appellants' motion for leave to take a nonsuit and when he rendered the judgment here complained of depends upon whether appellee was in the attitude of seeking affirmative relief or not.

1108

It will be seen, on referring to the statement above, that appellants' suit was predicated on a right they claimed to have canceled, as a cloud upon the title they asserted to parts of the land in controversy, a deed made by them and Prudie Gaither to appellee. It will be seen, further, that it was by virtue of that deed, as well as by force of the statute of limitations, that appellee claimed title to the land. And it will be seen, further, that the prayer of appellants and appellee, respectively, was to be quieted in the title they, respectively, asserted to the land. So it seems in the facts stated the case is within a rule set out in 15 Tex. Jur. 246, as follows: "If both the plaintiff and the defendant, in their respective claims against each other, seek to litigate the same matter, the plaintiff cannot, by nonsuit, withdraw such matter from the litigation." That does not mean a plaintiff cannot take a nonsuit in any event, for he can; but it does mean that he will not be allowed in taking a nonsuit to prejudice a right a defendant may have to a hearing on a claim he has made for affirmative relief. Short v. Hepburn, 89 Tex. 622, 35 S. W. 1056; Thomason v. Sherrill (Tex. Civ. App.) 4 S.W.(2d) 304; Id., 118 Tex. 44, 10 S.W.(2d) 687; Apache Cotton Oil & Mfg. Co. v. Watkins & Kelly (Tex. Civ. App.) 189 S. W. 1083; Odum v. Peeler (Tex. Civ. App.) 278 S. W. 884; Cornelius v. Early (Tex. Civ. App.) 24 S.W.(2d) 757; and Burford v. Burford (Tex. Civ. App.) 40 S. W. 602. Applying the rule stated to the facts stated, that the trial court erred when he refused to permit appellants to take a nonsuit is plain enough. But the error was a harmless one, and therefore should not operate to reverse the judgment. 15 Tex. Jur. 247, citing Midkiff v. Stephens, 9 Tex. Civ. App. 411, 29 S. W. 54.

There is another theory upon which we are inclined to think the action of the court below in proceeding with the trial was warranted. It appeared, as has hereinbefore been stated, that appellee set up the statutes of limitations of four and five years, and prayed that he be quieted in the title he claimed to the land. It was held in Jones v. Wagner (Tex. Civ. App.) 141 S. W. 280, but on facts more clearly justifying such a ruling than the facts of this case do, that the plea of the statute of limitations there interposed was more than defensive in its nature, and could be looked to as a basis for the affirmative relief the defendant prayed for. It is not clear to us that, looking to all the pleadings and implications therefrom allowable, a like ruling should not be made in this case.

A contention, and the only one presented not disposed of by what has been said, is that the judgment was fundamentally erroneous in that no notice of the filing of appellee's answer containing his cross-action was served upon appellants and it did not appear that they had waived such service or answered such cross-action. A statement of facts was not sent to this court, and there is nothing in the record showing that such a notice was not served on appellants, or, if it was not, that appellants did not waive service of such a notice. But, if appellants' contention as to the facts was supported by the record, it would avail them nothing. It appears in the record that said answer was filed April 13, 1931, and that appellants' motion for a nonsuit was filed and the judgment from which the appeal was prosecuted was rendered on April 14, 1931. The rule applicable is stated as follows in 15 Tex. Jur. 267: "Where the plea for affirmative relief is filed against one who has already taken a nonsuit, citation is necessary to sustain a judgment granting the relief. But the rule is otherwise when the defendant's claim for affirmative relief has been filed prior to the taking of a nonsuit by the plaintiff. As to such a case it is said that: 'The plaintiffs having appeared and invoked the jurisdiction of the court thereby challenging the defendants to answer by matters defensive, as well as offensive, they must be held to have had notice of every fact pleaded by the defendants prior to the time they announced their decision to take a nonsuit.'"

The judgment is affirmed.