## BUSTER v. BRYANT.

### No. 4326.

Court of Civil Appeals of Texas. Texarkana.

May 18, 1933.

Hutchison & Fisher, of Paris, for appellant.

Dohoney, Beauchamp & Lawrence, of Paris, for appellee.

JOHNSON, Chief Justice.

This suit was brought by appellee, Orval Ethel Bryant, a minor, by next friend and guardian, against appellant, C. W. Buster, in the district court of Lamar county. The nature of plaintiff's cause of action was a statutory suit (Rev. St. 1925, art. 7364 et seq.) of trespass to try title to 41⁹⁄₁₆ acres of land in said county. The defendant, C. W. Buster, by amendment answered by general denial and plea of not guilty, and specially pleaded his title to the land by virtue of a sheriff's deed to him under an order of sale issued out of the district court of Lamar county in cause No. 10823, wherein C. W. Buster was plaintiff and Clara Bryant and appellee were defendants, upon a judgment therein rendered in favor of C. W. Buster, foreclosing a lien upon the land, by virtue of a note and deed of trust executed to appellant in 1924 by O. E. Bryant, father of appellee. O. E. Bryant was then a single man, and subsequently married, and after his marriage and before payment of the note died intestate and left surviving him his wife, Clara Bryant, and one child, the appellee in this suit, alleging no administration and no necessity therefor. Appellant alleged in detail the pleadings, process, and service thereof, answer, and the facts upon which the judgment in said cause No. 10823 was rendered, together with the order of sale, return thereof, and sheriff's deed thereunder, and alleging that thereby he had acquired title to the land. Appellant also alleged certain irregularities in the proceedings had in cause No. 10823, which did not make void his title, but which he alleged cast a cloud thereon, and concluded with a prayer that the appellee herein take nothing by reason of this suit, and that appellant be quieted in his title to said land and premises, and, in the alternative, should the land be awarded to plaintiff, then this defendant be awarded his equitable title therein, for general and special relief.

■ The case was tried before the court without a jury, and the court having heard the pleading and all the evidence and argu-

ment of counsel and having considered same, but prior to rendition of judgment thereon, the appellee asked leave of the court to take a nonsuit, to which appellant objected, and which objection the court overruled and granted such leave, the defendant excepted, and thereupon requested the court to render judgment in his favor upon his prayer for affirmative relief, quieting his title to the land and premises, which motion was by the court refused, and the cause dismissed; to all of which rulings of the court, the defendant duly excepted and has appealed the case to this court.

We are of the opinion that the trial court did not err in granting appellee's motion to take a nonsuit. Article 2182 of the Revised Civil Statutes of Texas provides: "At any time before the jury has retired, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge, such non-suit may be taken at any time before the decision is announced." The trial judge not having announced his decision before the appellee requested a nonsuit, the request was in proper time.

■■ But by appropriate assignments appellant complains of the action of the court in refusing his request to render judgment for him quieting him in his title to the land and premises in controversy, after having granted appellee's request to take the nonsuit. We are of the opinion that this assignment is well taken. It is the contention of appellee that appellant's answer and special pleadings were entirely on the defense rather than the offense, and for the purpose only of defeating a recovery by plaintiff, and that such pleadings come within the rule announced in the case of Hoodless v. Winter, 80 Tex. 638, 16 S. W. 427, 428, as follows: "Obviously the defendant only seeks such affirmative relief when, by his own pleadings, he prays for some specific recovery that cannot be given to him under pleadings that are strictly defensive and that serve only to compel the plaintiff to prove his own cause of action. The defendant must not only pray for affirmative relief, but he must state facts showing that he has a cause of action. If the defendant is doing no more than resisting the plaintiff's recovery, the statutes recognize the right of the plaintiff, for his own protection, to dismiss the suit." If the facts stated in the appellant's defensive plea showed no more than that the plaintiff was not entitled to recovery, such plea would not support a prayer for affirmative relief. Such seems to

be the meaning placed upon the language in Hoodless v. Winter, supra, subsequently construed by the Supreme Court in Short v. Hepburn, 89 Tex. 622, 35 S. W. 1056, 1057, and by the Court of Civil Appeals in the case of Jones v. Wagner, 141 S. W. 280, a writ of error being denied by the Supreme Court. From which we understand that the defendant is not limited in his pleadings, in seeking affirmative relief, to matters which could not be reached by a plea of not guilty, but that he may avail himself of all matters specially pleaded, if sufficient to do so, for the dual purpose of defeating plaintiff's recovery and as forming a basis of his prayer for affirmative relief. In Short v. Hepburn, supra, it is said: "The matter upon which the defendant may file a cross bill is not restricted to such as he could not introduce under his plea of not guilty, but may embrace matters which he could avail himself of as a defense, as well as such matters as it would be necessary to plead specially in order to obtain relief, or it may consist of either without the other." And: "Where the answer contains matter which constitutes a cause of action against the plaintiff, its effect upon his right to dismiss his suit must be the same, whether it be called a plea in reconvention, or a petition in the nature of a cross action, or by whatever other designation; for defendant, as to the cause of action set forth in his answer, is to be regarded as plaintiff."

If the fact specially pleaded by appellant had shown no more than that appellee was not entitled to recover, such plea would not support his prayer for affirmative relief, but it appears that the effect of the facts alleged by appellant is more than to defeat a recovery by appellee in this cause. The appellant has here specially alleged in his answer that he is the owner of the fee-simple title, and in detail states the facts vesting him with the title, and alleges certain irregularities in the proceedings by virtue of which he acquired his title, and which cloud his title. He prays that plaintiff take nothing, and that he be quieted in his title. This pleading and prayer states a specific cause of action against the plaintiff. The facts were fully developed upon the trial of the case, showing that appellant was entitled to the affirmative relief sought.

The judgment of the trial court is reversed, and judgment here rendered for the appellant, C. W. Buster, against the appellee, Orval Ethel Bryant, quieting the appellant in his title to the land. The appellee is adjudged to pay the cost of the trial court and of this appeal.