R. R. STOLLEY CORPORATION OF AUSTIN, TEX., v. QUEBEDEAUX
(two cases).
Nos. 7911, 7925.

Court of Civil Appeals of Texas. Austin.
Jan. 17 and 22, 1934.

Rehearing Denied March 14, 1934.

W. R. Smith, Jr., and Cofer & Cofer, all of Austin, for appellant.

A. S. Evans, Sam Burnap, and D. B. Wood, all of Georgetown, for appellee.

BLAIR, Justice.

The above numbered and styled causes were presented together on oral argument, and will be decided and disposed of by filing a copy of this opinion in each cause. The

parties will be designated appellant and appellee.

On October 2, 1931, appellant sued appellee in the county court of Williamson county, seeking to recover judgment on a verified account for $206.04, alleged to be due as overpayment of commissions on merchandise which appellee sold, or took orders for as appellant's salesman. On December 30, 1931, appellee answered, denying under oath the verified account of appellant; and by way of cross-action sought judgment against appellant on a verified account for $986.05, alleged to be due as underpayment of commissions on sales of merchandise. Appellant was duly served with citation on this cross-action, and the cause was set for trial January 2, 1932, but continued by agreement to the March and June terms, 1932; and was set for trial June 20th, at which time appellant requested a resetting for June 24th. Appellant failed to appear, and after a hearing, judgment was rendered for appellee, which recited and found that appellee owed appellant $169.04 on its account for overpayment of commissions; that appellant owed appellee $782.30 on his cross-action for underpayment of commissions due; and that the offsetting of these accounts entitled appellee to judgment for $613.26, with interest. The June term ended July 2, 1932, and on July 5, 1932, execution was issued on appellee's judgment, and the sheriff levied on certain property of appellant and advertised same for sale in satisfaction of the judgment. This concluded all proceedings in cause No. 7911.

On July 12, 1932, appellant filed a suit (cause No. 7925), in the nature of a bill of review to set aside appellee's judgment on his cross-action, alleging: (1) That the judgment was procured by the fraud, or breach of agreement of appellee's attorney to continue the case; and (2) that the judgment was not supported by any evidence; and as a meritorious defense to the judgment appellant repleaded its verified account. The petition further alleged the facts with regard to the issuance and levy of the execution in satisfaction of the judgment, and prayed that a temporary injunction be granted pending the hearing restraining the sale under the execution; and that upon final hearing the injunction be made permanent. Without notice or hearing, the trial judge granted the temporary injunction, upon condition that appellant file a bond in the sum of $1,500; which was done.

On July 14, 1932, appellant filed a motion asking that the property levied on by the sheriff be ordered returned to it, alleging that appellee was fully protected by the injunction bond; and without notice to appellee, or a hearing, the sheriff was ordered to return the property to appellant.

On July 29, 1932, appellee filed his answer in the bill of review suit, denying that the judgment had been obtained by fraud, or the breach of agreement of appellee's attorneys to continue the case; and alleged that the judgment was based upon sufficient evidence and was valid, that appellee had acquired rights under the judgment by causing the issuance and levy of the execution upon sufficient property to satisfy the judgment, that appellant wrongfully enjoined the execution sale, and wrongfully obtained a redelivery of the property by the sheriff under its motion representing that appellee was fully protected by the injunction bond filed. Appellee prayed for affirmative relief as follows:

1. That the judgment in the principal suit be declared valid.

2. That the temporary injunction be dissolved.

3. That judgment be rendered for appellee against the injunction bond and its sureties for the amount of the judgment in the original suit.

4. That judgment be rendered for appellee for the statutory 10 per cent. penalty for the wrongful issuance of the injunction.

5. That judgment be rendered for appellee on his cross-action on verified account for commissions due, in the event the court should determine that the judgment in the original suit should be set aside.

The pleadings in the original suit were read and considered as part of the pleadings in this case. With the issues thus joined by the pleadings, the case proceeded to trial on September 13, 1932, and the evidence was concluded the following day. The trial judge announced that he would not set the judgment aside for the fraud alleged. Appellant's counsel insisted, however, that appellant was entitled to judgment under the facts developed, and asked and was granted permission to submit authorities sustaining his contention by September 20, 1932; but on September 19, 1932, he filed motion to dismiss the cause at appellant's cost, and requested that appellant be permitted to take a nonsuit. Appellee contested the motion to dismiss or take a nonsuit, alleging that he was seeking affirmative relief, which prohibited the taking of a nonsuit, in that he was seeking to

have the judgment, the subject-matter of the suit, declared to be valid; that he was seeking judgment on the injunction bond; and that he was seeking judgment for the statutory penalty for wrongful issuance of the injunction.

The trial court overruled the motion to dismiss or to take a nonsuit; and after taking the case under advisement, on September 23, 1932, rendered judgment as follows:

1. Denying the petition of appellant to set aside the original judgment.

2. Declaring, adjudging, and decreeing the original judgment to be a valid, subsisting, and enforceable judgment.

3. Dissolving the temporary injunction.

4. Decreeing and rendering judgment for appellee against the injunction bond and the sureties thereon for the amount of the judgment in the original suit; and further decreeing that the payment of this judgment would satisfy the judgment in the original suit, and that payment of the original judgment would in like manner satisfy this judgment; and that writs of execution or other process might issue on both or either judgment.

The principal question presented here concerns the action of the trial court in refusing to permit appellant to take a nonsuit at the conclusion of the evidence and before actual judgment was entered decreeing the original judgment sought to be set aside valid.

Appellant contends that in a suit in the nature of a bill of review to review and set aside a final judgment of the court entered at a previous term, (1) plaintiff is entitled at any time before the court announces its decision to take a nonsuit and have the case dismissed; (2) that in such suit no affirmative relief can be granted the defendant so as to deny the plaintiff the right to take a nonsuit; and (3) that in such suit the power of the court is limited to refusing the review, if the court denies the review.

■ We have reached the conclusion that appellant's contentions cannot be sustained. Article 2182 provides that a plaintiff, at any time before the jury has retired, or before the judge trying the case without a jury has announced his decision, "may take a nonsuit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief." Article 2016 provides that, "where the defendant has filed a counter claim seeking affirmative relief, the plaintiff shall not be permitted, by

a discontinuance of his suit, to prejudice the right of the defendant to be heard on such counter claim." These statutes have been construed as securing to a defendant the right to a hearing upon his claim for affirmative relief, whether by cross-action, plea in reconvention, counterclaim, or set-off, in the suit in which the claim for affirmative relief is pleaded. Short v. Hepburn, 89 Tex. 622, 35 S. W. 1056. These statutes do not inhibit a plaintiff from taking a nonsuit in any event, where a claim for affirmative relief has been asserted by the defendant; but if he does so, and the defendant has a claim for affirmative relief, the defendant has the right to have the case remain upon the docket for the disposition of the claim for affirmative relief. Jackson v. Furst, Edwards' & Co. (Tex. Civ. App.) 154 S. W. 243. In the instant case appellant did not ask that its suit alone be dismissed, but insisted that the entire cause be dismissed. This the trial court refused to do upon the grounds: (1) That appellee "is seeking affirmative relief by cross-action and plea in reconvention which would be lost by granting" the motion to dismiss or take a nonsuit; and (2) because appellee's "rights for affirmative relief would thereby be prejudiced." This action of the trial court is sustained by numerous authorities. Bailey v. Fed. Supply Co. (Tex. Com. App.) 287 S. W. 1090; Thomason v. Sherill (Tex. Civ. App.) 4 S.W.(2d) 304; Cornelius v. Early (Tex. Civ. App.) 24 S.W.(2d) 757, affirmed by Commission in 120 Tex. 335, 39 S.W.(2d) 6; Thompson v. Gaither (Tex. Civ. App.) 45 S.W.(2d) 1106; 15 Tex. Jur. 243–246, § 10, and cases cited.

A second rule applicable in the instant case is stated in 15 Texas Jurisprudence, 246, as follows: "Where the pleadings of both parties involve the same subject matter upon which each seeks affirmative relief, the plaintiff may not take a nonsuit if it would materially affect the legal status of the subject matter of the suit or any party to it."

The subject-matter of this or any suit in the nature of a bill of review to set aside or to enjoin the enforcement of a final judgment is the validity of such judgment. Appellant alleged that the judgment was void, because of the fraud, or breach of agreement of appellee's counsel to continue the case. Appellee answered, denying the fraud, or agreement to continue, and alleged that the judgment was valid; that he had acquired rights under the judgment by causing the issuance and levy of an execution upon sufficient property to satisfy the judgment; that

appellant had wrongfully enjoined the sale to satisfy the judgment, but also sought by under execution, and had wrongfully obtained the possession of the property levied upon from the sheriff by its motion representing that the injunction bond fully protected appellee; and that appellant was insolvent. Appellee prayed that he have an affirmative decree declaring the judgment to be valid; that he recover judgment in the sum of the judgment sought to be set aside and the costs of the original suit against appellant and the sureties on the injunction bond for wrongfully issuing same; and that he recover judgment for the statutory 10 per cent. penalty for the wrongful issuance of the injunction. It is manifest from these pleadings that both appellant and appellee sought to litigate the same matter; and appellant could not by taking a nonsuit dismiss the entire case so as to prejudice the right of appellee to a hearing and judgment on his claim for affirmative relief. Thompson v. Gaither (Tex. Civ. App.) 45 S.W.(2d) 1106 (writ of error refused). On principle the case is controlled by the rule in trespass to try title cases, in which the defendant pleads not only not guilty, but also pleads and prays for affirmative relief to quiet title in himself to the land; and in which cases it is held that plaintiff may not take a nonsuit so as to deprive the defendant of a hearing on his claim for affirmative relief. Hoodless v. Winter, 80 Tex. 638, 16 S. W. 427; Peck v. McKeller, 33 Tex. 234; Buster v. Bryant (Tex. Civ. App.) 60 S.W.(2d) 1043.

■ Nor do we sustain appellant's contention in this connection that the pleadings of appellee were merely defensive, or merely resisted recovery by appellant. The fact that pleadings are defensive in their nature does not mean that they cannot also be considered or used as a basis for affirmative relief, where the facts pleaded are sufficient to entitle the pleader to affirmative relief, and where such relief is prayed for. Thompson v. Gaither, supra; Jones v. Wagner (Tex. Civ. App.) 141 S. W. 280; Davis et al. v. Wichita State Bank (Tex. Civ. App.) 286 S. W. 584, 589. In the instant case appellant did not merely seek by bill of review to determine the validity of the judgment, but also sought and obtained an injunction restraining the enforcement of the judgment; and by motion filed obtained a release of the property levied upon to satisfy the judgment. By his pleadings appellee not only sought to litigate the validity of the judgment and the rights he had acquired thereunder by the issuance and levy of an execution on sufficient property

affirmative pleadings to recover judgment against appellant and his bondsmen for the wrongful issuance of the injunction, the wrongful release of the property levied upon to satisfy the judgment, and the statutory penalty for wrongful issuance of the injunction; all of which matters of affirmative relief arose out of, or were incident to, or connected with, the suit of appellant, seeking by bill of review and injunction to set aside and to restrain the enforcement of the judgment. Both of these remedies sought to be invoked by appellant are equitable remedies; and manifestly equity would not permit appellant to bring its suit in the nature of a bill of review to determine the validity of the judgment, and obtain an injunction restraining the sale of the property levied upon to satisfy the judgment, and cause the release of the property levied upon under representation that the injunction bond fully protected appellee; and to then take a nonsuit, which would prejudice or deprive appellee of his hearing on his claim for affirmative relief to have the judgment declared valid so that his rights acquired by virtue of the execution levied on property to satisfy the judgment might be determined, as well as his right of recovery on the injunction bond, for all of which relief appellee affirmatively pleaded and prayed.

■ Nor do we sustain appellant's second and third above contentions, to the effect that in a suit in the nature of a bill of review, reviewing a final judgment entered at a former term of the court, no affirmative relief can be granted to the defendant so as to deny plaintiff the right to take a nonsuit; but that the power of the court is limited to refusing the review, if the court denies the review. The nature and extent of inquiry and relief in a suit in the nature of a bill of review is so well settled by the courts that a lengthy discussion is not necessary. The authority, 25 Texas Jurisprudence, 671–673, § 245, reviews numerous court decisions on the question presented, and from them announces the following rule:

"When a petition for equitable relief at a subsequent term is brought before the court, it is not contemplated that the cause shall be divided into two parts and tried by piecemeal,—one in which a decision is rendered setting aside the judgment complained of and the other in which there is a trial on the merits. But every issue arising on the merits must be disposed of on hearing the petition for relief, and the relief prayed for is'

270

either denied or granted in the one proceeding. The proceeding has all the incidents of a trial and cannot be disposed of in a summary way as if it were a motion for a new trial.

"The rule above stated is said to be founded on common sense and reason, for it would be useless to set aside one judgment when the principles of equity would require another adjudication of like import. All the issues can be conveniently tried in the proceeding and the equities of the parties adjusted as the facts demand. Furthermore, a multiplicity of suits is thereby avoided."

Supporting the text are the leading cases of Roller v. Wooldridge, 46 Tex. 485; Humphrey v. Harrell (Tex. Com. App.) 29 S.W.(2d) 963; ·Wear v. McCallum, 119 Tex. 473, 33 S.W.(2d) 723; Overton v. Blum, 50 Tex. 417.

In Rasmussen v. Grimes (Tex. Civ. App.) 13 S.W.(2d) 959, affirmed (Tex. Com. App.) 24 S.W.(2d) 346, it was held that in a suit in the nature of a bill of review the court could re-examine the case on its merits and grant such relief as equity required.

In Camden Fire Ins. Co. v. Hill (Tex. Com. App.) 276 S. W. 887, it is held that in a case in the nature of a bill of review, the former case may be re-examined on its merits and retried; and such relief will be granted as is appropriate and warranted by pleading and proof "on the whole case." Or, if the trial shows that justice was accomplished by the former judgment, then it will be allowed to stand according to its import and thus be affirmed; and that the effect of such affirmance is to cut off and finally determine the matter in any way set up, or which could have been set up, in the "re-examination on the merits."

■ Under the foregoing settled rule the judgment rendered in the bill of review case (No. 7925) became the final determination of all matters, or the final judgment in both that suit and the former suit and judgment in cause No. 7911. It follows from this conclusion that the appeal by writ of error in cause No. 7911 should be and is hereby dismissed.

Appellant contends, however, that the judgment in the bill of review case (No. 7925) was erroneous because the court abused its discretion in denying appellant a trial by jury.. The contention is not sustained under the undisputed facts, which show that the case·was first set for August 15th, and reset by agreement September 13th.· September 6th was appearance day, and counsel for both parties were present at the call of the docket,

when the court announced that the case would be set for September 13th,· which was a nonjury week, no jury having been requested; and then the court also announced that the week beginning September 19th would be jury week. This practice of thus setting cases for jury and nonjury week on appearance day had been uniformly followed by the court in disposing of cases, and the jury cases were accordingly set for September 19th.

■ On September 13th, the date set for trial, appellant requested a jury and offered to pay the jury fee, contending that the statutes (articles 2123 to 2129) guaranteed the right. The court refused the request and qualified the bill of exception raising the question, as follows: "The court refused the demand for a jury for the reason that no demand for the jury had been timely made and no jury fee had been timely paid and to grant the demand and order a jury trial would have meant a continuance of the case until the December Term, 1932, of said court, as it appeared to the trial court at that time."

Appellant accepted the bill of exception as qualified, and the question thus presented is ruled by the decision in the case of United Fidelity Life Insurance Co. v. Handley (Tex. Civ. App.) 53 S.W.(2d) 833, 835, as follows: "It has been held that the statute cited above is not mandatory, but that the trial judge, in the exercise of a sound discretion, may permit either party to call for a jury at a later date in the term, provided, however, it will result in no injustice to the other party and work a continuance of the case. The qualification appended to the bill of exception by the court shows that the granting of appellant's motion to have the case placed upon a jury docket would have resulted in a continuance. Having accepted the bill with this qualification, appellant is bound by it. Therefore no error is shown in this particular." See, also, Public Indemnity Co. v. Pearce (Tex. Civ. App.) 56 S.W.(2d) 906; 26 Tex. Jur. p. 586, § 26; and Tucker v. Lingo (Tex. Civ. App.) 248 S. W. 1097.

■ Appellant's fourth proposition reads as follows: "Where a final judgment is enjoined, upon the dissolution of the injunction, the court cannot render judgment against the injunction bond and its sureties for the amount of the judgment in the principal suit."

This proposition is decided against the contention made under our holding that the court in the bill of review case could affirm the former judgment, or render such judgment as equity required, and that such judg-

ment became the final judgment in the case. The injunction bond obligated appellant and its bondsmen to "pay all sums of money and costs that may be adjudged against him," and the court properly rendered judgment against the injunction bond and its sureties for the amount of the judgment in the principal suit. Garrett v. Kelley (Tex. Civ. App.) 6 S.W.(2d) 414 (writ of error refused).

We find no error in the judgment rendered in cause No. 7925, and it is affirmed.

Affirmed.

McCLENDON, Chief Justice.

When the decision was handed down in the above causes, the writer noted his dissent, which was predicated upon the following propositions:

1. The cross-action of appellee, in so far as it sought an affirmative decree validating the judgment, could not be maintained as an independent suit; and therefore plaintiff's nonsuit eliminated this issue, thus leaving the cross-action upon the injunction bond the only matter in controversy.

2. The liability of the sureties upon the injunction bond was only for the penalty prescribed by statute and such special damages as might be pleaded and proved resulting from the issuance of the injunction, and not the amount of the judgment which was enjoined.

Upon a more careful inspection of the record, it is the view of the writer that the judgments rendered in the two cases are supported upon the following grounds:

1. It affirmatively appears from the record that the plaintiff's motion for dismissal and nonsuit was made conditional upon the dismissal of defendant's entire cross-action, the order of the trial court reciting in that regard: "It further appearing to the court from said motions and from the statement of plaintiff's counsel to the court that plaintiff is seeking and asking the dismissal of the entire cause, that is, defendant's reconvention for affirmative relief as well as plaintiff's cause of action, and that said plaintiff was not asking by said motions merely the dismissal of its own cause of action and that in case the court did not dismiss the entire cause that plaintiff did not want its own cause of action dismissed."

That portion of appellee's cross-action which sought penalty and damages for wrongful issuance of the injunction was clearly a matter which would sustain an action on appellee's part independently of appellant's suit; and since the request for dismissal and nonsuit was expressly conditioned upon the dismissal of the entire cross-action, coupled with the statement that should the court not dismiss the entire cause, plaintiff did not want its own cause of action dismissed, the trial court properly overruled the motion for dismissal and nonsuit.

Since the cause was tried upon the merits of the original cause of action, and the judgment was in favor of the defendant, the plaintiff has had his day in court upon the merits of the controversy involved in the original suit; and the effect of the judgment is to confirm the judgment therein.

2. It appears from the record that the sureties have not appealed from the judgment, but have executed as sureties the supersedeas appeal bonds upon which the plaintiff has brought the two cases to this court for review. They have therefore upon these supersedeas bonds become personally bound for the judgment against plaintiff, regardless of the extent of their liability upon the injunction bond.

It may not be amiss to amplify the views supporting the announced dissent.

The right of a defendant to maintain a cross-action for affirmative relief after plaintiff has seasonably applied for a nonsuit is dependent upon whether the affirmative relief sought would sustain an independent action on defendant's part. Hoodless v. Winter, 80 Tex. 639, 16 S. W. 427.

Except where a judgment is dormant, or where it is necessary to protect some right of the judgment plaintiff, the courts in this state will not entertain an action upon a judgment. Stevens v. Stone, 94 Tex. 415, 60 S. W. 959, 86 Am. St. Rep. 861; 26 Tex. Jur. p. 480.

Therefore, if the only affirmative relief sought by defendant had been the establishment or adjudication of the validity of the judgment, plaintiff would have been entitled to a nonsuit as a matter of law. Likewise, if plaintiff's application for a nonsuit had been unconditional, he would have been entitled thereto, subject to the right of defendant to prosecute that portion of his cross-action only which could form the basis of an independent action, namely, the suit for penalty and damages upon the injunction bond.

In the case of Halbrook v. Quinn (Tex. Civ. App.) 286 S. W. 954, the Amarillo Court held that the remedies by appeal and by independent suit to set aside a judgment were alternative, requiring an election. The case arose upon an original application for writ

of prohibition to prohibit the trial court from proceeding in an independent suit in equity to set aside a judgment which had previously been affirmed by that court.

The question involved was certified to the Supreme Court, but the certificate was dismissed upon the holding that the Supreme Court was without jurisdiction to review a judgment or order of the Court of Civil Appeals in an original proceeding in that court, and consequently was without jurisdiction to review such ruling or decision upon certificate. Quinn v. Halbrook, 115 Tex. 513, 285 S. W. 1079. The holding of the Court of Civil Appeals is predicated upon that of the Supreme Court in Campbell v. Wiggins, 85 Tex. 451, 22 S. W. 5, wherein it was held that where a party has applied for and obtained a certificate of dissent, and the Supreme Court has determined the question certified adversely to him, he is thereafter precluded from review by writ of error of other questions involved in the case that were not involved in the dissent. The holding of the Court of Civil Appeals was later followed by the same court in Davis v. Cox, 4 S.W.(2d) 1008, and by the Court of Criminal Appeals in King v. State, 112 Tex. Cr. R. 425, 16 S.W.(2d) 1072.

It is the view of the writer that the remedy by appeal to review a judgment, and the remedy by plenary suit in equity to set a judgment aside, are not alternative remedies. Questions which may be reviewed, or which might have been presented for review by appeal, cannot furnish the basis of a plenary suit in equity to set the judgment aside. Nor can issues which warrant the setting aside of a judgment in a plenary suit in equity be asserted on appeal; consequently the two remedies do not call for an election. To require the plaintiff to elect would be to deny a right for which the remedy chosen afforded no relief.

The decision in Winters Mut. Aid Ass'n Circle No. 2 v. Reddin (Tex. Com. App.) 49 S.W.(2d) 1095, 1096, reviewing the authorities upon the subject, supports this conclusion. We quote from the opinion: "An appeal by writ of error is to review the errors committed by the trial court and the Court of Civil Appeals. A suit in equity to set aside the judgment goes to the very foundation of the judgment, and does not involve a revision of the judgment for errors committed. The functions of such a suit are entirely distinct from the functions of an appeal from the judgment assailed. * * * Of course litigants will not be permitted to review in the suit in equity to vacate the original judgment any matters involved in the appeal, or that could have been brought up by appeal in the original proceedings."

If by the quotation in the majority opinion from 15 Tex. Jur. p. 246, it was intended to announce the rule that where the affirmative relief sought by defendant involves the same subject-matter as that sought by the plaintiff, the defendant would have the right to prosecute such cross-action in the face of plaintiff's nonsuit, regardless of whether the subject-matter of the cross-action was purely defensive and would not support an independent action by defendant against the plaintiff, the rule is in direct conflict with the uniform holdings in this state. Such rule would permit defendant in any case to defeat the plaintiff's right of control over his case, and to compel an adjudication thereof by a cross-plea setting up the invalidity of plaintiff's cause of action and asking that it be so decreed, and that defendant be exempt from further litigation in the matter. The case cited in support of the text, as well as all of the cases cited in the majority opinion in which cross-actions have been held maintainable after nonsuit, are cases in which the affirmative relief sought would support an independent recovery on defendant's part, regardless of whether it involved the same subject-matter as plaintiff's suit. It should be noted, however, that the quotation is immediately preceded by, "It has been said that," and is immediately followed by: "It would probably be more accurate, in view of plaintiff's right to dismiss, to say that if both the plaintiff and the defendant, in their respective claims against each other, seek to litigate the same matter, the plaintiff cannot, by nonsuit, withdraw such matter from the litigation." To which the writer would add: "Provided the 'claim' asserted by the defendant is such as would support an independent action on his part." The defendant has the same right that the plaintiff has to control his own case, and to prevent its dismissal, if properly maintainable as an independent action. He has not the right, however, merely by asserting in the form of a cross-action for affirmative relief matter which is purely defensive and which could not be asserted in an independent action, to circumvent the right of plaintiff to dismiss his own case.

Moreover, appellee did not seek a re-examination of the case upon its merits as an independent ground for affirmative relief. The answer denied specifically the existence of fraud or any other ground which would entitle plaintiff to reopen the case upon its merits. His prayer for judgment upon the original

cause of action is thus expressly limited: "And in the alternative, and in the alternative only, and only in case said petition for Bill of Review is granted and the judgment in said original suit is vacated and set aside, then in that event, and in that event only, this defendant prays for judgment against said plaintiff for his debt," etc.

Nothing would seem to be plainer than that defendant was not seeking an adjudication of the validity of the judgment except defensively. He was resisting all efforts to reopen and re-examine the controversy, and asserted his original claim only in case the judgment were reopened at the instance of plaintiff. In so far as this pleading is concerned, it is manifest that it would go out of the case upon dismissal of plaintiff's cause of action. It is the view of the writer that the judgment validating the prior judgment can only be sustained upon the pleadings of plaintiff.

Since under our practice it is necessary in a suit to set aside a judgment to assert and maintain a meritorious defense thereto, it necessarily follows that where that question has been adjudicated in the equity proceeding, review of the judgment by appeal is thereby precluded. This is the extent of the holding in Camden Fire Ins. Co. v. Hill (Tex. Com. App.) 276 S. W. 887. This, of course, presupposes that there has been in fact a re-examination or an opportunity for re-examination of the case upon its merits and an adjudication thereon. Had the trial court rested its judgment alone upon a want of equitable grounds for reopening the case on its merits, and declined to consider its merits, then it would seem to follow that the right of appeal would not be affected. However, in the instant case the validity of the judgment was adjudicated by the court, the effect of which adjudication was to affirm the trial court's judgment.

For the reasons stated, the writer concurs in the judgments rendered by this court.

### On Motions for Rehearing by Plaintiff in Error.

BLAIR, Justice.

All of the members of this court concur in that portion of the conclusions expressed in the concurring opinion to the effect that the adjudication of the original claim in the equity proceeding was tantamount to an affirmance of the judgment in the original suit. It necessarily follows that the correct result was reached.

The motions for rehearing, however, raise some important questions relative to the correctness of our holding which affirmed the judgment in the equity suit against the sureties on the injunction and supersedeas bonds. These questions are manifestly unimportant from a practical standpoint, in view of the fact that an affirmance of the judgment in the first suit against appellant and its supersedeas bond sureties, who are the same parties who signed the injunction bond and the supersedeas bond in the equity suit, imposes upon all of the appellants, including the named sureties, the same liability that is imposed by affirmance of the judgment in the equity case and dismissal of the appeal in the original suit. The questions thus raised by appellants in the equity suit become unimportant, and it is unnecessary to discuss them.

The motions are overruled.

Overruled.